(9 Misc. Rep. 571.)

### In re BLUM.

(Court of Oyer and Terminer, Kings County. June, 1894.)

1. CRIMINAL LAW—WARRANT—AFFIDAVIT ON INFORMATION AND BELIEF.
   The provision of the bill of rights (1 Rev. St. p. 93, § 11) that "no warrants can issue but upon probable cause supported by oath or affirmation," an affidavit made on information and belief is not sufficient to authorize the issuance of a warrant.

2. SAME—JURISDICTION—WAIVER OF OBJECTION.
   Defendant cannot object that the magistrate had no jurisdiction of his person, where he did not raise the objection when he was arraigned, or at any time during the trial.

Harris Blum was convicted of selling lottery tickets, and now sues out a writ of habeas corpus to secure his discharge on the ground that the court did not have jurisdiction of his person. Dismissed.

William Wills, for petitioner.
John F. Clarke, Asst. Dist. Atty., for the People.

GAYNOR, J. The petitioner was convicted by a police court, or court of special sessions, of Brooklyn, for selling a ticket or chance in a lottery, which is made a misdemeanor by section 326 of the Penal Code. He now sues out the writ of habeas corpus, and asks for his discharge from the judgment of conviction on the ground that the court never had jurisdiction of his person, and therefore had no power to render judgment against him. If the claim of want of jurisdiction were true, the petitioner would have to be discharged. The written complaint against the defendant was by a police officer. It charges the defendant with selling a lottery ticket on a specified day, but concludes as follows: "Deponent further says that he makes this complaint upon information and

belief, as a police officer of the city of Brooklyn." A police officer, nor any other person, may not cause the arrest of any one on a mere allegation of information and belief. Human liberty never was so cheap as that, under our law, or the system from which we derived the main body of our law. The commission of a crime must be shown by facts positively stated, before a magistrate has jurisdiction to issue a warrant of arrest. This is guarantied by the bill of rights (1 Rev. St. p. 93, § 11), which provides that "the right of the people to be secure in their persons and effects against unreasonable searches and seizures ought not to be violated, and no warrants can issue but upon probable cause supported by oath or affirmation." No one who knows the history of this guaranty to individual liberty, and the struggles of the people for it against despotic power, and out of which it came, can see it infringed without a feeling of resentment. It is important that crime should be punished, but far more important that arbitrary power should not be tolerated. The "oath or affirmation" required is of facts. The claim on the argument that this complaint gave the magistrate no jurisdiction to issue the warrant, and that he is liable to an action for damages by the defendant for having done so and caused his arrest, is true. Blodgett v. Race, 18 Hun, 132; Comfort v. Fulton, 39 Barb. 56.

But while the arrest of the defendant was a trespass, for which the magistrate, and all concerned in it, are liable in damages, I am of opinion that, though the magistrate had no jurisdiction to issue the warrant, the defendant afterwards, by his own act, conferred jurisdiction over his person upon the court of special sessions. When arraigned before the magistrate, he did not object that he was illegally arrested, and that the magistrate had no jurisdiction, nor did he afterwards make such a claim. He not only failed to do so, but he recognized the complaint, pleaded "Not guilty," demanded trial by a court of special sessions, and stood trial, without at any time claiming any lack of jurisdiction in the court. Having demanded and stood trial, without objection, he cannot be heard, after conviction, to claim that the court had no jurisdiction of his person. Crock. Sher. (3d Ed.) p. 42. I do not deem the case of People v. Pratt, 22 Hun, 300, in point. That was a case of the summary statutory conviction by a magistrate, of one coming under the statute for the disposition of disorderly persons, and the decision may not be extended beyond such cases. The distinction in respect of jurisdiction between the exercise of special summary powers vested in judicial officers or in courts, and the regular proceedings of courts within their ordinary jurisdiction, is well understood. Nor is the case of People v. Norton (Sup.) 27 N. Y. Supp. 851, in point. There no offense was stated in the complaint, or proved. That the court of special sessions in the case at bar had jurisdiction of the offense itself is not disputed. The writ is dismissed.