# SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

## March 20, 1918.

## THE PEOPLE v. ELLA M. COSTELLO.

### (182 App. Div. 341.)

INFORMATION SUBMITTED TO MAGISTRATE—WHEN NOT INSUFFICIENT—PENAL LAW, § 1146—WAIVER OF DEFECTS.

A judgment convicting the defendant of a violation of section 1146 of the Penal Law will not be reversed upon the ground that an information submitted to the magistrate for a warrant was made by a police officer upon information and belief without stating the sources and grounds thereof, where there is nothing to show that the magistrate did not have before him the depositions of other witnesses and it does not appear that the defendant objected to the sufficiency of the information upon her arraignment, but on the contrary consented to the case being set for trial.

Under such circumstances she waived any insufficiency in the information.

APPEAL—ALLEGED ERRORS MUST BE SET FORTH IN DEFENDANT'S AFFIDAVIT.

The Appellate Division will consider only alleged errors pointed out in the defendant's affidavit for her appeal to the County Court.

APPEAL by the defendant, Ella M. Costello, from a judgment of the County Court of Erie county, rendered against her on the 15th day of December, 1916, affirming a judgment of the City Court of Buffalo, rendered on the 27th day of July, 1916, convicting her of a violation of section 1146 of the Penal Law.

*Wallace Thayer (Charles E. Doane, attorney)*, for the appellant.

*Guy B. Moore, District Attorney,* for the respondent.

PER CURIAM:

The principal ground urged for a reversal of defendant's conviction is that the information submitted to the magistrate

for the warrant is made by a police officer upon information and belief, with no sufficient statement of the sources of his information and the grounds of his belief.

Assuming the information to be insufficient, we find nothing in the record showing that the magistrate did not have before him depositions of other witnesses, nor does it appear that defendant objected to the sufficiency of the information upon her arraignment. So far as appears, she consented to the case being set for trial at a date five days after her arrest and demanded the summoning of a jury for the trial, without raising any question as to the sufficiency of the information and proofs upon which the warrant for her arrest had been issued. If so, she waived any insufficiency of the information. (People v. Shaver, 37 App. Div. 21; People v. Cuatt, 70 Misc. Rep. 453.) We can consider here only the alleged errors pointed out in her affidavit for her appeal to the County Court. (People ex rel. Baker v. Beatty, 39 Hun, 476; People v. Scherno, 140 App. Div. 95.)

No point is made in that affidavit that the information was insufficient because made on information and belief without stating the sources of the information and the grounds of the belief. This, perhaps, accounts for the fact that the return contains no statement as to what took place upon defendant's arraignment with reference to fixing the time and manner of trial.

For these reasons, we think defendant is not entitled to a reversal upon the grounds stated. We have considered the other points urged, and are of opinion that they do not call for a reversal of the judgment.

The judgment should, therefore, be affirmed.

All concurred.

Judgment of conviction affirmed.