THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MINARD S. DECKER, Appellant.

County Court, Schoharie County, July 2, 1935.

*Joseph Meade*, for the appellant.

*J. Ernest Wharton, District Attorney*, for the respondent.

GOLDING, J.   The defendant was convicted on April 6, 1935, of operating a motor vehicle while intoxicated, in the village of Richmondville, N. Y., on his plea of guilty.   The police justice imposed a sentence of a fine of ten dollars and three months in the county

jail. The jail sentence was suspended. Defendant was given until April fifteenth to pay his fine and on that date paid same. The justice's return shows the defendant was informed of all of his rights before pleading. He urges his conviction be reversed on the following grounds:

1. Defective information.
2. Arrested without a warrant.
3. Was not intoxicated.
4. Was compelled to submit to a physical examination in violation of the Constitution of the State of New York.

The defendant alleges that the information is defective because it does not state specifically which subdivision of section 70 of the Vehicle and Traffic Law he had violated. It charged him with driving on a public highway in Richmondville, N. Y., while intoxicated and stated his manner of operation.

While it was not carefully drawn, it states acts done by the defendant which constitute the crime charged. The defendant by his plea of guilty and failing to take an exception, waived any defects. (*People* v. *Wiechers*, 179 N. Y. 459; *People ex rel. Dinsmore* v. *Keeper of Penitentiary*, 125 App. Div. 137; *People* v. *Loomis*, 65 Misc. 156; *People* v. *Earing*, 71 id. 615, 619.)

The information was sufficient.

Defendant claims his arrest was illegal because no warrant was issued. The defendant was arrested by a State trooper. A peace officer has the right to make an arrest for a crime committed in his presence. (Code Crim. Proc. § 177.)

It is unnecessary to state in the information that it was committed in his presence. Such allegation was immaterial and surplusage and whether it was true or not, did not affect the nature of the crime charged against defendant. (*People* v. *Dennis*, 132 Misc. 410, 412.)

It should be presumed that the proceedings were legal or valid unless it is affirmatively shown otherwise. (*People* v. *McGain*, 43 Hun, 55.)

If the defendant was wrongfully arrested without a warrant, the judgment of conviction should not be set aside. (*People* v. *Iverson*, 46 App. Div. 301; *People* v. *Jeratino*, 62 Misc. 587; *People* v. *Eberspacher*, 79 Hun, 410.)

The police justice of Richmondville holding court has in the first instance exclusive jurisdiction to hear and determine and the judgment of conviction is not invalid because defendant's arrest was for a misdemeanor not committed in the presence of the officer making the arrest and such conviction should be affirmed. (*People* v. *Park*, 92 Misc. 369.)

The defendant alleges that he was required to submit to a physical examination in violation of the Constitution of the State of New York. There is nothing in the return of the court concerning it. The court is bound by the return. (*People* v. *Newman*, 137 Misc. 267, 269; Code Crim. Proc. §§ 756–763.)

The defendant has filed an affidavit which he asks to be considered on this appeal. The court is confined to the return in its consideration and determination. Affidavits in support of alleged errors cannot be read when they relate to any matter within the knowledge of the justice. The facts must appear in the return. (*People* v. *Soule*, 142 N. Y. Supp. 876.)

While defendant's affidavit is not considered, it does not deny that he was intoxicated and had been operating his automobile on the public highway in the village of Richmondville.

The court had jurisdiction. Defendant was fully advised of all of his rights. He pleaded guilty to the charge, was given time to pay a fine which he paid several days later. He never made any objection until he was advised his license would or had been suspended for operating a motor vehicle while intoxicated.

I find no reason for the reversing of the judgment of conviction. Judgment of conviction affirmed.