THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES
FORREST PATRICK, Appellant.

County Court, Special Term, Columbia County, March 20, 1941.

*Albert A. Rapport,* for the appellant.

*William F. Christiana, District Attorney,* for the respondent.

INMAN, J. The appellant has been convicted upon a plea of
guilty of the offense known as leaving the scene of an accident
without reporting. The information charges that the appellant
" on the 17 day of October, 1940 at the Public Highway, in the
Town of Greenport, County of Columbia, N. Y., at about 10:00
o'clock in the afternoon of said day, did commit a misdemeanor
in violation of subdivision 5-a of section 70 of the Vehicle and

Traffic Law against the person or property of People of State of N. Y. by wrongfully, unlawfully, willfully, corruptly, falsely, maliciously and knowingly Did fail to report an accident knowing that property damage and personal injury was involved." The provision of the statute of which he was convicted was last amended by chapters 200 and 462 of the Laws of 1937. It is there provided that any person operating a motor vehicle who, knowing that damage has been caused to the property, not including animals, of another, due to the culpability of the person operating such motor vehicle, or to accident, leaves the place where the damage occurred without stopping, exhibiting his license and giving his name, residence and license number to the party sustaining the damage, or to a police officer, or to the nearest judicial officer, is guilty of a misdemeanor. It is further provided that if injury is caused to a person the operator must exhibit his license and give his name and license number both to the injured person and to a police officer or judicial officer; otherwise he is guilty of a misdemeanor.

The information here is defective in several particulars, principally in that it fails to allege that the property damage and personal injury were caused by a motor vehicle operated by the appellant, and were due to his culpability, or to accident.

An information charging the commission of a misdemeanor must set out the acts constituting the crime with the same clarity, particularity and exactness as an indictment. It must state the offense and the act constituting the offense. It must be sufficient to inform the defendant of the nature of the charge against him and of the act constituting it, both to enable him to prepare for trial and to prevent him from again being tried for the same offense. It must meet these tests of sufficiency standing alone. Deficiencies in informations cannot be supplied by recourse to depositions, affidavits or testimony. (*People* v. *Grogan*, 260 N. Y. 138; *People* v. *Zambounis*, 251 id. 94.)

Each separate crime consists of the commission or omission of certain acts under certain circumstances, and in some cases with a particular intent. An information charging a crime must allege with certainty and precision that a defendant has committed or omitted the acts under the circumstances and with the intent mentioned in the statute. If any of the elements contained in the statutory definition are omitted the information is fatally defective, and the defect is not cured by verdict or by plea. The act which is charged as an offense must be described with such a degree of certainty as to identify and distinguish it from other transactions so that the party may not be charged with one thing

and tried for another, and so that the jury may be able to deliver an intelligible verdict. The settled rule of criminal pleadings requires that all the elements which enter into the definition of the offense must be stated. The strictness which formerly prevailed in respect to non-essential matters has been relaxed, but the rule that the offense must be charged in plain intelligible language and that all the essential elements of the crime must be alleged has not been relaxed. It has been preserved for the protection of the accused, and to promote the certain and orderly administration of the criminal law. (*Dedieu* v. *People*, 22 N. Y. 178; *People* v. *Albow*, 140 id. 130; *Sherwin* v. *People*, 100 id. 351.)

Courts of Special Sessions are frequently conducted by men not learned in the law. These are strict standards to impose upon lay justices of the peace but they are necessary to protect the fundamental rights of persons charged with crime. " Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos. Much impatience is being shown with the technicalities of the law, and at times it is justified. The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law." (*People* v. *Zambounis, supra.*)

The same precision of pleading is not required with respect to that class of minor offenses below the grade of misdemeanor, such as disorderly conduct, traffic offenses and violations of some municipal ordinances. (*People* v. *Hipple*, 263 N. Y. 242.) The offense attempted to be charged in the instant case, however, is not a minor offense but is a misdemeanor. (*People* v. *Grogan, supra.*)

It has been said that an information need not be drawn with the same exactness as an indictment (*People* v. *LaFace*, 148 Misc. 238; *People* v. *Payne*, 71 id. 72; *People* v. *Huyck*, 171 id. 467), and that deficiencies in informations may be supplied by depositions and testimony (*People* v. *Fuchs*, 71 Misc. 69; *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383; *People* v. *Bell*, 148 N. Y. Supp. 753), but holdings to such effect have been disapproved in the *Zambounis* and *Grogan* cases.

Minor defects in informations and indictments which do not tend to prejudice any substantial right of a defendant are waived unless objection is made before the defendant is called for judgment (*People* v. *Willett*, 213 N. Y. 368; *People* v. *Helmer*, 154 id.

596; *People* v. *Costello*, 182 App. Div. 341; *People* v. *Silver*, 251 id. 309), but if an information does not set forth facts sufficient to constitute a crime the defect is jurisdictional and cannot be waived.

The opinion in *People* v. *Wiechers* (179 N. Y. 459) is frequently cited as supporting the proposition that imperfections in an indictment are waived unless objection is made before judgment. The sufficiency of the indictment was attacked for the first time in the Court of Appeals. It was said: " The indictment is the foundation for the prosecution of all serious crimes and it may be challenged from the time of arraignment until final judgment has been pronounced, but it cannot be attacked for the first time upon appeal, unless it is by an argument addressed to the discretion of the court hearing the appeal in the first instance, and that discretion does not belong to us except in capital cases. * * * Even if the indictment is not strong enough to withstand a direct attack in the manner provided by law, the judgment entered thereon would be good as a plea in bar to another prosecution for the offense which was at least colorably charged and was clearly proved. Both at common law and by statute a verdict cures such imperfections of form in an ndictment as do not tend to prejudice substantial rights upon the merits." In the dissenting opinion it was said: " It was entirely safe to say that no case can be found where the record disclosed the fact that no crime was stated in the indictment, and yet the conviction was upheld on the ground that the accused failed to bring the defect to the attention of the court at the trial or for any other reason. When it is shown that no criminal charge has been made against the accused the whole superstructure of the trial suffers a collapse, since there is no foundation upon which to procure a conviction or to impose a sentence."

In *People* v. *Fuchs* (*supra*) the defendant was charged with operating a motor vehicle at a rate of speed exceeding thirty miles an hour without the additional statement that such speed was maintained for a distance of a quarter of a mile. It followed that no crime was charged in the information. It was held that a plea of guilty could not affect the disposition of the case. The admission was no stronger than the charge and no violation of statute was established by the plea. Since the information did not charge a crime the court acquired no jurisdiction to hear and determine the case. " It cannot be contended that the defendant by his plea of guilty has waived the right to insist upon this appeal that the information was insufficient to charge a crime. The fundamental question that the information does not charge any crime can be raised for the first time on appeal; and the court

will, in such case, *ex mero motu*, take notice of such defect. * * * If the defect here complained of were a mere technical defect, instead of one that is fundamental and jurisdictional, it would be the duty of the court to disregard it; * * * the court should not hesitate to reverse a judgment which is wholly unsupported by an information or deposition containing a legal charge against the defendant of any criminal offense. When it is shown that the conviction and sentence are illegal, it is the plain duty of the court to satisfy the requirements of justice by reversing the judgment and relieving the defendant from the penalty imposed thereunder."

In *People* v. *Bell* (*supra*), involving a purported violation of a village ordinance regulating the speed of automobiles, it was said: " But I apprehend that no well-considered case can be found where it is held that upon an information not charging a crime, unsupported by any deposition or evidence, a conviction should stand on a plea of guilty."

. In *People* v. *Rosenkrantz* (123 Misc. 335) the conviction was reversed because of the insufficiency of the information, it being pointed out that a plea of guilty was not a waiver of the objection.

In *People ex rel. Sherwood* v. *City of Buffalo* (127 Misc. 290) the acts to which relators pleaded guilty were not criminal and the writ was sustained in spite of their plea of guilty.

In *People* v. *Lindner* (133 Misc. 728) the defendant had pleaded guilty to passing a traffic signal. The conviction was reversed on appeal because of failure to plead the appropriate city ordinance.

In *People* v. *Williams* (135 Misc 564) the act charged was not criminal and elements of the purported crime were not pleaded. In an opinion collecting many authorities it was said that the plea of guilty waived any defect not jurisdictional but not what may relate to the jurisdiction of the court and cannot confer jurisdiction upon it where no crime exists.

In *People* v. *Schweizer* (160 Misc 23) the conviction was reversed because of clerical error in fixing the time of the alleged crime as a date subsequent to the filing of the information, although it was clear that the year 1935 instead of the year 1936 was intended to be stated. (Cf. *People* v. *Scutt*, 160 Misc. 25.)

In *People* v. *Huyck* (*supra*) a conviction of disorderly conduct upon a plea of guilty was reversed because it was not alleged that the acts were done with intent to provoke a breach of the peace or that the acts were such as might occasion a breach of the peace

In *People* v. *Supt. of New York State Reformatory for Women* (21 N. Y. Supp [2d] 563) the defendant was convicted of adultery upon her plea of guilty to the information charging that she had

had " improper relations " with a married man other than her husband. It was held that a crime was not charged because sexual intercourse was not expressly alleged and the judgment was reversed.

It is clear here that the information did not charge a crime. The omission is not minor. It is substantial. The information was not sufficient to enable the appellant to prepare for trial or to enable a jury to render an intelligible verdict or to furnish a bar to a subsequent conviction.

Judgment reversed for errors of law, the facts not having been examined, information dismissed and fine remitted.