THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WESLEY SLY and ROBERT KINGSTON, Appellants.

County Court, Erie County, September 30, 1942.

*Samuel M. Fleischman* for appellants.

*Leo J. Hagerty, District Attorney* (*Maurice Frey* of counsel), for respondent.

WARD, J.  These defendants were convicted of violating section 722, subdivision 2, of the Penal Law (L. 1923, ch. 642) by the Hon. Burke I. Burke, Police Justice of the Village of East Aurora.  The defendants are students at the East Aurora High School in said village.

The information, made upon information and belief, alleges that the specific offense was: " Gathering numerous cans of

refuse, garbage and broken glass and dumping said refuse, garbage and broken glass on the front lawn of Joseph E. Barber,'' a member of the local school board.

Upon the usual arraignment and notice of their rights, the defendants pleaded guilty to the charge and each was sentenced as follows: '' Defendant sentenced to serve thirty (30) days in Erie County Penitentiary, but execution of sentence suspended. Defendant placed on probation for one year, the terms to be fixed by the Erie County Probation Department, but to include the following conditions: 1. That the defendant should make a public apology to the student body of the East Aurora High School for poor representation of the school. 2. That he should refrain from wearing any athletic letters of the school for a period of six months because of the demonstration of poor sportsmanship. 3. That he should write an essay on the life of Andrew Jackson. 4. That he should contribute to the cost of replacing garbage or refuse cans lost during the operations described in the information.''

The return of Police Justice Burke also states that Wesley Sly, one of the defendants, was convicted in the East Aurora Police Court of three offenses, to wit: '' Aug. 13, 1940, Art. 5, Sec. 70, Sub. 6 Vehicle and Traffic Law, $20.00 fine: Sept. 26, 1941, Sec. 722, Sub. 1 Penal Law, suspended sentence: May 14, 1942, Chap. 3, Art. 1, Sec. 4, Village Ordinances, $5.00 fine.''

The defendants contend: '' That said sentence was illegal and void; that it was in violation of the Constitution of the United States and the Constitution of the State of New York in that it inflicted cruel and inhuman punishment, out of proportion to the character of the offense; that such sentence was too severe in that it deprives these appellants from certain rights particularly the right to enlist in the Army or in the Navy of the United States and places upon them a conviction for an offense which at best merely constituted juvenile acts of playfulness.''

Where it appears that the defendant failed to object to the sufficiency of the information upon his arraignment, although the information was made upon information and belief without stating the sources of the information and the grounds of the belief, such objection is waived. (*People* v. *Costello*, 182 App. Div. 341.)

Here, the defendants clearly waived any objection to the sufficiency of the information by pleading guilty.

Section 723 of the Penal Law (L. 1923, ch. 642) provides: '' The offense of disorderly conduct is punishable as follows:

1. By imprisonment in a county jail or workhouse for a term not exceeding six months, or by a fine not exceeding fifty dollars, or by both; 2. By placing on probation for a term not to exceed two years.'' Section 724 of the Penal Law (L. 1923, ch. 642, amd. L. 1936, ch. 311) provides: '' Any person who commits the offense of disorderly conduct in New York city shall be arraigned before a city magistrate and elsewhere before any court, judge, magistrate or other judicial officer having jurisdiction in the premises, who shall have power to hear and determine and to render final judgment upon conviction therefor.''

Section 182 of the Village Law (amd. L. 1927, ch. 650), in referring to a police justice of a village, provides, in part: '' Such police justice shall have exclusive jurisdiction to take the examination of a person charged with the commission in such village of a felony and also to hear, try, and determine charges against a person of being a vagrant or disorderly person within such village, or of having committed disorderly conduct therein  *  *  *.''

It is interesting to note that in *People* v. *Murphy* (154 Misc. 290) the Rockland County Court held on December 1, 1934, that a village police justice court had no jurisdiction to hear, try, and determine the offense of disorderly conduct, but that court applied the Penal Law, section 724, as it was enacted by chapter 642 of the Laws of 1923, and not the present section 724 (amd. L. 1936, ch. 311).

In the determination and disposition of prosecutions for disorderly conduct, a wide discretion is vested in the magistrate or judge. (*People* v *Lembo*, 8 N. Y. S 2d 744.)

Section 2196 of the Penal Law (amd. L. 1942, ch. 494, eff. April 18, 1942) provides, in part: '' A court, police justice, justice of the peace, or other magistrate, by whom any person may be sentenced in the several counties of this state, for any term not less than thirty days, for any crime or misdemeanor not punishable by imprisonment in the state prison  *  *  * may sentence such person to imprisonment either in such penitentiary or the county jail, city prison, workhouse or reformatory  *  *  *.''

In these cases, the sentence of thirty days' imprisonment in the Erie County Penitentiary and probation for one year was valid.

Section 2188 of the Penal Law (amd. L. 1941, ch. 52) provides, in part: '' The court, judge, justice or magistrate authorized to impose sentence upon conviction may, except as

otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment."

Here, the execution of the judgment was properly suspended.

Section 932 of the Code of Criminal Procedure (L. 1928, ch. 460; amd. L. 1933, ch. 727) provides: " The court shall determine the conditions of probation and may include among them the following, or any other: That the probationer (a) shall avoid injurious or vicious habits; (b) shall avoid places or persons of disreputable or harmful character; (c) shall report to the probation officer as directed by the court or the probation officer; (d) shall permit the probation officer to visit him at his place of abode or elsewhere; (e) shall answer all reasonable inquiries on the part of the probation officer; (f) shall work faithfully at suitable employment; (g) shall remain within a specified place; (h) shall abstain from the use of intoxicating beverages; (i) shall pay a fine in one or several sums; (j) shall make reparation or restitution to the aggrieved parties in an amount not to exceed the actual damage or loss caused by his offense; (k) shall support his dependents and, upon the order of the court, furnish security therefor, which upon default shall be applied to such support; and (l) shall, if a child of compulsory school age, attend school. The court may at any time revise, modify or enlarge the conditions or period of probation as to any probationer and may transfer his case to another court in the same or in another jurisdiction as the court may determine. The court shall notify the probation officer in writing of his designation to act and of the period and terms of probation."

Here, the conditions of probation were reasonably suited to the circumstances.

Yet, the defendants contend that this sentence imposed upon them is illegal and void. The provision in the Constitution of the United States that " cruel and unusual punishments " shall not be inflicted does not extend to the State governments, but was intended only to limit the Legislature and judiciary of the United States. (*Barber* v. *People*, 3 Cow. 686; *O'Neil* v. *Vermont*, 144 U. S. 323.) There are no reported cases in this State interpreting or construing the prohibition against " cruel and unusual punishments " in the Bill of Rights of the Constitution of New York State (art. I, § 5) that apply to the conditions of probation herein considered.

When the defendants protest the severity of these conditions in their being deprived of the right of enlistment in our armed

forces, they must do so in jest. The violation of section 722 of the Penal Law is not a " crime," but merely an " offense " so defined in the section itself.

The possibility of conviction should be foreseen before the act; it is not a ground for voiding a valid sentence made upon a plea of guilty.

Judgment of conviction affirmed. Prepare and submit judgment accordingly.