THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY S. TRAVIS, as Attorney for SUE LUCOVICH, Relator, against EARL J. DANIELS, as Sheriff of Broome County, Defendant.

County Court, Broome County, November 10, 1943.

*Harry S. Travis*, relator in person.

*Robert O. Brink, District Attorney (Samuel Bernstein* of counsel), for Earl J. Daniels, as Sheriff of Broome County, defendant.

McAvoy, J. This is a proceeding on a writ of habeas corpus procured on behalf of the defendant, Sue Lucovich, now detained in the custody of the Sheriff of Broome County on a violation of parole warrant issued by the Acting Superintendent of Westfield State Farm at Bedford Hills, N. Y.

It appears that on or about May 31, 1940, an information in the following form was filed against the defendant in the Johnson City (N. Y.) Police Court, which is a Court of Special Sessions:

" Joseph C. Huff, being duly sworn, upon information and belief deposes, informs and says that at the Village of Johnson City, on or about March 27th, 1940 one Sue Lucovich was a Person who not having visible means to support herself, lived without employment thereby becoming a vagrant as defined by Subd. 3–4 of Section 887 of the Code of Criminal Procedure. That the source of deponent's information and grounds for

his belief are statements made to deponent by one Clifford Ostrom, Deputy Welfare Officer of the Town of Union, Broome County, New York.

" WHEREFORE, he prays that a WARRANT may issue against the said Sue Lucovich."

The defendant was duly arraigned on such information and entered a plea of guilty. The Police Justice thereupon proceeded to examine the charge and took the defendant's testimony. She testified that she had lived for some time with a married man and had two children born out of wedlock. Such conduct was apparently the basis for the alleged charge of vagrancy set forth in the information. At the conclusion of defendant's testimony the Police Justice stated: " The Court finds you guilty and sentences you to Westfield Farms, N. Y. for no definite time, subject to the rules and regulations of the institution."

The defendant was released on parole from that institution on May 12, 1941, after having served approximately one year of her sentence. The warrant for violation of her parole was issued on October 23, 1942, but she was not apprehended until October 13, 1943.

The defendant questions in this proceeding the legality of her detention under the violation of parole warrant and raises two major objections thereto. *First,* that the original information upon which she was charged was based upon information and belief. That it set forth as the sources of such information and grounds of such belief the statements of one Clifford Ostrom. That as such statements were purely hearsay and not made in the form of a deposition before the Magistrate, this rendered the information defective and gave the Court of Special Sessions no jurisdiction to try or sentence the defendant. *Second,* that the information actually charged the offense of vagrancy in violation of subdivision 1 of section 887 of the Code of Criminal Procedure and, therefore, the court had no authority to sentence the defendant to the aforementioned reformatory for women at Bedford Hills, for a violation of such subdivision.

The first ground of defendant's objection to her detention presents an important question. It appears that no objection was made in the trial court to the sufficiency of the complaint. It is raised for the first time in this proceeding.

After an examination of the authorities bearing upon the subject, this court is of the opinion that when a complaint or information is based upon information and belief but does

not properly set forth the sources of such information or grounds of such belief, it gives the magistrate no jurisdiction to issue a warrant thereon. However, where a warrant is issued upon such information and the defendant appears and submits to the jurisdiction of the court by entering a plea of guilty to the charge or goes to trial without objection as to the sufficiency of the information, he is deemed to have waived such irregularity. (*Matter of Blum*, 9 Misc. 571, 573; *People* v. *Winness*, 3 N. Y. Cr. Rep. 89, 91; *People* v. *Shaver*, 37 App. Div. 21, 22; *People* v. *Cuatt*, 70 Misc. 453, 456; *People* v. *Costello*, 182 App. Div. 341, 342; *People ex rel. Burkardt* v. *Elsaesser*, 244 App. Div. 891; *People* v. *Sly*, 180 Misc. 96, 97.)

As to the second ground of defendant's objection to her detention under the violation of parole warrant, there seems to be substantial merit. The original information filed against her before the Police Justice purports to charge the defendant with vagrancy as defined by subdivisions 3 and 4 of section 887 of the Code of Criminal Procedure. However, the facts set forth in such information as constituting the offense of vagrancy come squarely within the provisions of subdivision 1 of said section 887, which provides as follows: " The following persons are vagrants: 1. A person who, not having visible means to maintain himself, lives without employment ".

The provisions of subdivisions 3 and 4 of section 887 have no application to the facts alleged in the information against this defendant.

It is the acts charged in the information which constitute the actual offense. (*People* v. *Miller*, 143 App. Div. 251, 256, affd. on opinion below 202 N. Y. 618.) " It is not the name the crime is given but the specific allegations of fact which control the character of the crime presented by the information." (*People* v. *Samuels*, 259 App. Div. 167, 170, affd. 284 N. Y. 411.)

The specific allegations of fact set forth in the original information clearly charge the offense of vagrancy as defined by subdivision 1 of section 887 of the Code of Criminal Procedure and not as defined in subdivisions 3 and 4 as erroneously stated therein. In view of the fact that the defendant has been actually convicted under subdivision 1 of section 887 of the Code of Criminal Procedure, the Police Justice had no authority to sentence her to Westfield State Farm.

Under the provisions of section 891-a of the Code of Criminal Procedure and section 298 of the Correction Law, a defendant cannot be sentenced to such institution for vagrancy except upon a violation of subdivisions 3 or 4 of section 887 of the

860

Code of Criminal Procedure. Upon the defendant's conviction in the case at bar, the Police Justice had authority to commit the defendant to a penitentiary or county jail for a period not exceeding six months pursuant to the provisions of section 892 of the Code of Criminal Procedure.

Therefore, as the sentence imposed herein was beyond the jurisdiction of the trial court, the writ is sustained and an order may be entered discharging the defendant from custody.