THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LYNN M. CHAMBERS, Appellant.

County Court, Delaware County, July 3, 1947.

*David Lee* for appellant.

*Gleason B. Speenburgh, District Attorney,* for respondent.

CURTIS, J. The information is made on the personal knowledge of the informant. We can possibly infer that he did not have the personal knowledge he claims to have had, but nevertheless the information is sufficient on its face to invest the court with jurisdiction.

The defendant does not, by a plea of guilt, waive a jurisdictional defect in the information, as where the facts stated are insufficient to constitute a crime. (*People* v. *Patrick,* 175 Misc. 997; *People* v. *Trudeau,* 24 N. Y. S. 2d 34; *People* v. *Rosenkrantz,* 123 Misc. 335; *People* v. *Tretneck,* 175 Misc. 41.)

On the other hand, a plea of guilt is a waiver of any defect arising out of the complaint being based on information and belief, so long as it contains sufficient allegations to constitute a crime. (*People ex rel. Travis* v. *Daniels,* 182 Misc. 856; *People* v. *Sly,* 180 Misc. 96.)

If one is arrested without a warrant and taken before a magistrate, it is not necessary that a warrant issue for his arrest.

Under section 758 of the Code of Criminal Procedure, an order for a further or amended return may be granted on the application either of the defendant or of the People. The further return filed by the Justice shows that the accused was informed of his rights before he pleaded to the charge. The affidavit of the defendant casts some doubt on the accuracy of the return, but nevertheless the return must be accepted by the appellate court as conclusive. The remedy, if any, for a false return cannot be found on this appeal.

**The judgment of conviction is affirmed.**