THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH A. DeCARLO, Appellant.

County Court, Schenectady County, July 7, 1950.

*William M. Nicoll, District Attorney (Emmet J. Lynch* of counsel), for respondent.

*Mathias P. Poersch* for appellant.

LIDDLE, J. Defendant, Joseph A. DeCarlo, was charged in Police Court with two certain crimes, namely, leaving the scene of an accident, in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, and also with the crime of driving a motor vehicle while in an intoxicated condition, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law of the State of New York.

Concurrently therewith, one Samuel Alesio was charged with reckless driving, pursuant to section 58 of the Vehicle and Traffic Law, and also was charged with the crime of assault in the third degree, in violation of subdivision 1 of section 244 of the Penal Law.

The Police Justice, upon his own motion, ordered that all four of these crimes be tried jointly. There can be no consent or stipulation on behalf of either or any of the defendants to try them jointly. These various crimes were not the proper crimes to be tried jointly and in consolidation, one with the other. It appears that it was an abuse of sound discretion for

the Police Magistrate to try these charges as set forth in the informations, concurrently. The issues were separate and distinct and Alesio, charged with the crime of assault, third degree, should have been tried at a separate trial. (Code Crim. Pro., § 279.)

It appears from the return on appeal that the Magistrate found the defendant Alesio not guilty on each count and also found the defendant Joseph A. DeCarlo not guilty of driving a motor vehicle in an intoxicated condition, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. The Police Justice did find the defendant Joseph A. DeCarlo guilty of leaving the scene of an accident, in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, from which conviction defendant DeCarlo appeals.

In examining carefully the information as filed upon the return and the proceedings had upon the trial as set forth in the return, learned counsel for the defendant Joseph A. DeCarlo, moved for a dismissal of said information and a discharge of defendant at the opening of the trial. The motion of counsel for the defendant Joseph A. DeCarlo was properly made at the beginning of the trial, on the ground that the information did not state facts sufficient to constitute the crime charged.

An information charging the commission of a misdemeanor must set out the acts constituting the crime with the same clarity and exactness as an indictment. It must state the offense and the acts constituted in the offense. It must be sufficient to inform the defendant the nature of the charge against him and of the act constituting it, both to enable defendant to prepare for trial and to prevent defendant again being tried for the same offense. (See *People* v. *Grogan,* 260 N. Y. 138.)

The information fails to allege either property damage or personal injury and also fails to allege the defendant's culpability and further that the defendant had knowledge that there was any damage whatsoever done to the Alesio car. These are such substantial omissions and should have been alleged in the information. The omission thereof was a violation of the substantial rights of the defendant DeCarlo. (*People* v. *Patrick,* 175 Misc. 997, and cases cited.)

The court is therefore impelled to find that the judgment of conviction of appellant, Joseph A. DeCarlo, must be reversed, the information dismissed and the fine remitted. Submit order.