Frederick W. Loomis, J.
This is an appeal on behalf of each defendant from separate convictions of the offense of disorderly conduct in violation of section 722 of the Penal Law of the State of New York after pleas of guilty before Hon. Anthony He Angelo, Judge of the Oneonta City Court. Upon such pleas of guilty, each defendant was fined the sum of $10 and sentenced to the Otsego County jail for a period of six months. Such jail sentence was suspended and the defendant, in each case, was *357 placed on probation to the Otsego County Probation Department for a period of one year.
The affidavit of appeal in each case sets forth numerous grounds for the appeal from such convictions.
Paragraphs 1 and 2 of the affidavit of appeal, in each case, allege that the information is made upon information and belief and based upon a deposition, both of which set forth mere conclusions and that neither is sufficient to give the Oneonta City Court jurisdiction and further that the information does not properly apprise the defendant with what specific offense he is being charged. It appears from the minutes of the arraignment in each case that the defendant was properly advised of his rights and that each defendant entered a plea of ‘1 guilty ’ ’. The courts of this State have uniformly held that a plea of guilt is a waiver of any defect arising out of the complaint based on information and belief, so long as it contains sufficient allegations to constitute the crime or offense. (People v. Chambers, 189 Misc. 502; People ex rel. Travis v. Daniels, 182 Misc. 856; People v. Sly, 180 Misc. 96.)
The information in each case charged substantially that the defendant did commit the “ offense of disorderly conduct in violation of section 722 of the Penal law of the State of New York, in that he did, on said date, in Neahwa Park, a public park in said city, by his actions, in coming to Oneonta for a ‘ gang fight ’, cause a crowd to collect and disturb the quiet of the community in a manner whereby a breach of the peace may be occasioned.” The courts have held that the same precision with respect to informations is not required with respect to that class of minor offenses below the grade of misdemeanor, such as disorderly conduct, as might be required in more serious crimes. (People v. Hipple, 263 N. Y. 242; People v. Copit, 187 Misc. 744.) However, it appears to this court that the information in each of the cases at issue does contain all of the allegations required in any criminal charge. Each information properly informed the defendant of the particular section of the Penal Law it was alleged he had violated, and the date, place, time and manner in which he had violated it. In the opinion of this court, the informations do not set forth mere conclusions of law. Even if the informations could be said to be defective because they set forth only conclusions of law, this is such a defect as was waived by the defendant upon his plea of “ guilty.” (People v. Carter, 88 Hun 304; People v. Wiechers, 179 N. Y. 459; People ex rel. Schneider v. Hayes, 108 App. Div. 6; People ex rel. Dinsmore v. Keeper of Erie County Penitentiary, 125 App. Div. 137.)
*358 Paragraphs 3, 4, 6, 7, 8, 9, 14, 19 and 20 of the affidavits on appeal all set forth the manner of the defendants’ apprehension and detention, and the method of questioning and treatment of the defendants while they were at the police station subsequent to the alleged commission of the offenses charged.
Our courts have consistently held that if the magistrate had jurisdiction of such matter and the defendant was physically before him, the manner in which the arrest was made is immaterial in determining the court’s jurisdiction. While an unlawful arrest is an invasion of a person’s constitutional rights, the law affords him protection by giving him an action for damages for unlawful arrest. (Matter of Rose v. McKean, 190 Misc. 982.) Again, it has been held that it is the general rule that it is no defense to a criminal prosecution that a defendant was illegally brought within the jurisdiction of the court. Particularly is this true where the court has jurisdiction to try and determine the charge. (People v. Eberspacher, 79 Hun 410; People v. Jeratino, 62 Misc. 587.) It appears that the offense of disorderly conduct, as charged in the information, in each case, is one which the Oneonta City Court has jurisdiction to try and determine. Under these circumstances, and the holdings above cited, the questions raised concerning the apprehension or detention of the defendants constitute no ground for a reversal of the judgment of conviction.
Paragraphs 5, 21 and 23 are all attempts by counsel for the appellants to go into the evidentiary facts surrounding the alleged offenses under consideration. It is claimed in such paragraphs that the defendants were not engaged in committing any breach of the peace, did not intend to engage in any such breach of the peace and that the evidence would fail to establish the commission of the offense charged. In view of the fact that there was no trial of the facts in the lower court, and since these convictions are all based upon pleas of “ guilty ”, a consideration of such evidentiary facts is not properly before this court on this appeal.
Paragraph 10 of the affidavit of appeal alleges that upon their arraignment the Judge of the Oneonta City Court asked the . defendants if they pleaded guilty or not guilty and told the defendants ‘ ‘ in words or substance that it would cost them a $10.00 fine if they pled guilty or if they pled not guilty they would have to put up $100.00 bail or go to jail.” I do not find that such allegations are supported by the minutes of the arraignments which have been filed in each case. If the allegations were correct, it might be said that the trial court acted improperly in that it would, of course, be erroneous for a Judge *359 to tell the defendant what his punishment would be before he had entered a plea and it would also be improper for a Judge to be attempting to coerce a defendant into pleading guilty by threatening him with having to put up bail or go to jail, if he pleads not guilty. I find no evidence of any such impropriety or coercion on the part of the Trial Judge in the instant case. In the cases of Willie R. Castle, Alton DeForest and John Ottoway, it appears that the court did fix bail in the amount of $100. However, in each of those cases, it was only after the defendant had pleaded 1 ‘ not guilty. ’ ’ After such plea the court quite properly fixed bail for the defendants’ appearance for trial and was quite properly prepared to commit the defendants to jail to await trial, if bail was not furnished. This is the required procedure in all cases. The Trial Judge has not only the legal right, but the legal duty, to hold a defendant for trial upon Ms plea of “ not guilty ” to a charge and should fix reasonable bail for his release from custody and for his appearance for trial. Certainly the small sum of $100 cannot be said to be excessive or unreasonable bail and the trial court fulfilled its duty and responsibility with the reasonable discretion with which it is required to act.
Paragraph 11 of the affidavit of appeal concerns six other defendants who pled “ not guilty ”. These defendants are not before this court and the disposition of their cases is not material to the determination of this appeal.
Paragraph 12 of the affidavit of appeal raises questions as to whether or not the defendants at first entered pleas of “ not guilty ” and thereafter changed their pleas to 11 guilty ” in order to avoid raising $100 as bail for their appearance to stand trial. Paragraph 13 alleges that the defendants were not represented by an attorney and no attorney was appointed for them. Paragraph 17 alleges that the defendants were not fully apprised of all their rights and privileges.
As long as there is no impropriety or error on the part of the trial court, this court should not attempt to determine the motives which may have influenced any of the defendants to change their plea from “ not guilty ” to “ guilty ”. An examination of the minutes of the various arraignments indicates that only the defendants, Richard Barnes, Willie R. Castle, Alton DeForest, John Ottoway and Ronald Peck at first entered pleas of “ not guilty ” and thereafter changed them to “ guilty ”. In none of these cases does it appear that the trial court in any way denied the defendant his right to plead “ not guilty ” nor that the court improperly influenced the defendant to change his plea. In fact, throughout the entire arraignment proceedings, the *360 court was very zealous to protect the legal rights of the defendant in each case. In the absence of a request by the defendant and a showing of inability to employ an attorney, it is not required that a defendant have legal counsel. It is sufficient if he be advised that he has the right to counsel. Each defendant in these cases was advised of such right. In each instance where the defendant appeared to have some doubt as to his plea, the trial court carefully protected his rights and repeatedly advised him that he need not plead “ guilty ”, if he felt that he was not guilty. In many of the cases the court insisted that the parents of the younger offenders be present and on occasion an arraignment was adjourned to enable one of the defendants to send for his parents or contact them. It is difficult to imagine any Trial Judge acting with more care to protect the rights of persons charged with unlawful acts than did the Trial Judge in the instant case.
Paragraph 15 of the affidavit of appeal alleges that after the defendants were arraigned, the court called the defendants before the bench and addressed certain remarks to them ‘ ‘ stating that they had not been convicted of a crime but of an offense and it would not affect their applying for a job or going into the service but that they were not advised that they would have to state on any application where the question was asked if they had ever been arrested, that they would have to say yes, and that if the disposition of the arrest was asked they would have to say they were convicted of disorderly conduct and deponent understands that such a conviction might affect their going into the service or applying for a job or applying for a civil service job or going to college or military academy and they were not advised that the certificate of their convictions for disorderly conduct, which is sometimes called a criminal offense would be required to be filed in the book of convictions in the Otsego County Clerk’s Office at Cooperstown, New York; that as the defendant is advised and believes, a certificate of defendant’s conviction for disorderly conduct was filed in the Otsego County Clerk’s Office February 19, 1957, setting forth that defendant was convicted February 14, 1957, before Judge Db Angelo and fined Ten ($10.00) Dollars and given six months’ suspended sentence, Otsego County Jail and one year probation. ’ ’
It is difficult for this court to believe that counsel for the defendants seriously contend that the matter contained in these allegations in any way affects the validity of the judgment of conviction in these cases. All of the remarks referred to in such paragraph occurred after the conviction and imposition of *361 sentence. The Judge was under no duty to make any remarks at that stage of the proceeding. At that point, he had no duty to tell the defendants of the legal effect of their conviction nor that such conviction would be filed in the county clerk’s office. The filing of such convictions is required by law and the court quite properly carried out the law in filing them in the county clerk’s office in these cases. The remarks of the court, following the convictions of the defendants', were gratuitous on the part of the court and were intended to explain to the defendants the legal effect of their convictions. According to the minutes of those remarks the court did not say that the conviction ‘ ‘ would not affect their applying for a job ”, etc. On the other hand, he said, “ If you apply for a job or go into the service and are asked if you have ever been convicted of any crime, you can truthfully say that you have not been convicted of a crime.” (Italics are mine.) This was a clear and correct enunciation of the effect of these convictions. The remarks were intended as an explanation to the defendants. The further remarks of the Trial Judge were intended as an admonition to the defendants. They were delivered in such a manner as a father might address his own son. There certainly was no error on the part of the court in such remarks.
In paragraph 16 of the affidavit of appeal it is alleged that pictures were taken of the defendants by newspaper photographers and that there had been great publicity given to the cases now before the court and that if the convictions are allowed to remain on the record, it would seriously damage the defendants and affect their future lives and careers. It is also difficult for this court to believe that counsel for the appellants can seriously assert this as a ground for voiding a valid conviction had upon a plea of ‘1 guilty ’ ’. As stated in the case of People v. Sly (180 Misc. 96,100, supra) “ The possibility of conviction should be foreseen before the act ”. In other words, before commission of an unlawful act, a defendant should foresee that he might be convicted and he should foresee all of the unpleasant publicity, inconvenience and the penalty attendant upon such an event, as well as the effect such a conviction may have on his future employment and business and social relationships. If the courts are to void convictions because of unpleasant publicity for defendants or because such convictions may affect the future employment and other activities of defendants, or because the record of their convictions will be filed in the county clerk’s office, then there would be little use for criminal courts or criminal prosecutions in this State because, under such *362 theory, practically all convictions would have to be set aside. It does not seem that the most zealous defense counsel can seriously contend that such should be the case.
In paragraph 22 of the affidavit of appeal it is alleged that the sentence was excessive. This court does not find that a $10 fine, six months’ suspended jail sentence, and placing of each defendant upon probation for one year is in any way cruel or excessive nor does it in any way violate the defendants’ statutory and constitutional rights.
The conviction in each case is affirmed.
Submit order.