Herbert D. Hamm, J.
On Ms plea of guilty the relator in this habeas corpus proceeding was convicted in a Court of Special Sessions of a misdemeanor. The information itself, after the statement charging the crime, reads as follows: ‘ ‘ This information is made upon information and belief, the grounds of the information being investigation by deponent, the interception of telephomc communication transmitted over telephone Liberty 1814 under ex parte order issued April 1, 1959. Said telephone being used by defendant to receive wagers on the outcome of horse races. Interception of said telephonic communication being made by deponent, wherefore, Deponent prays that legal process may be issued and that the said Walter Herzog may be apprehended and held to answer for the said offense, and be dealt according to law.”
The relator appealed to the County Court urging that the information was insufficient either as a basis for the issuance of a warrant or as a pleading and was insufficient to confer jurisdiction on the Justice of the Peace acting as a Magistrate. The County Court affirmed the conviction.
The respondent urges that the affirmance by the County Court is “res judicata” here. As there is another ground which requires dismissal of the writ I do not reach this issue, as to which see People v. Schildhaus (8 N Y 2d 33, 36).
The reqmrement that the prosecution for a misdemeanor be based upon sworn information is not waived by a plea of gmilty (People v. Scott, 3 N Y 2d 148) and the writ of habeas corpus is a remedy after a plea of guilty (People ex rel. Guido v. Calkins, 10 A D 2d 510) unless a Magistrate or Police Justice acts upon an information which states facts sufficient to charge
a crime. But a plea of gMlty waives the objection that the information is based on information and belief without disclosing the source thereof. In People v. Scott (3 N Y 2d 148, 152), it was stated: “ We turn now to the question of whether defendant has waived Ms objection to the lack of an information by his plea of guilty. It is well settled that by such a plea he waives his objection to the form of the information, or where it is based on information and belief without disclosing the source thereof
(e.g., People v. Brous, 296 N. Y. 1028; People ex rel. Brown v. Baker, 284 App. Div. 106, 107; People v. Costello, 182 App. Div. 341; People v. Chambers, 189 Misc. 502; People ex rel. Travis v. Daniels, 182 Misc. 856; People v. Sly, 180 Misc. 96; People v. Decker, 156 Misc. 156; Matter of Blum, 9 Misc. 571; see Code Crim. Pro., §§ 684, 764).” In People v. Scott (supra) the issue was only as to the use of the information as a pleading and not *951 as the basis for the issuance of a warrant of arrest. However, in People v. Costello (182 App. Div. 341) cited therein, the principal ground for the reversal of the defendant’s conviction was that the information submitted to the Magistrate for the warrant was made by a police officer upon information and belief with no sufficient statement of the sources of his information and the grounds of his belief. The court said at page 342: “ So far as appears, she consented to the case being set for trial at a date five days after her arrest and demanded the summoning of a jury for the trial, without raising any question as to the sufficiency of the information and proofs upon which the warrant for her arrest had been issued. If so, she waived any insufficiency of the information.” People ex rel. Travis v. Daniels (182 Misc. 856) also cited in the above excerpt from People v. Scott, is quite in point as it was a proceeding on a writ of habeas corpus procured on behalf of a defendant detained by the Sheriff. Judge McAvoy stated (pp. 858-859): “After an examination of the authorities bearing upon the subject, this court is of the opinion that when a complaint or information is based upon information and belief but does not properly set forth the sources of such information or grounds of such belief, it gives the magistrate no jurisdiction to issue a warrant thereon. However, where a warrant is issued upon such information and the defendant appears and submits to the jurisdiction of the court by entering a plea of guilty to the charge or goes to trial without objection as to the sufficiency of the information, he is deemed to have waived such irregularity.” The writ is dismissed.