Lawrence H. Cooke, J.
Defendant appeals from a judgment of conviction of the Court of Special Sessions, Town of Thompson, wherein he pled guilty to the charge of disorderly conduct in violation of subdivision 5 of section 722 of the Penal Law of the State of New York.
The pertinent part of said section states as follows:
‘‘ Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: * * *
‘ ‘ 5. Shouts or makes a noise either outside or inside a building during the night time to the annoyance or disturbance of any considerable number of persons ”.
The basic portion of the information herein reads as follows: “ That the attached named persons, on the 26th day of Sept., 1960, at the Louis Lebowitz property, in the Town of Thompson, County of Sullivan, N. Y. at about 4:00 o’clock in the fore noon of said day, did commit the offense of Disorderly Conduct in violation of Article --Section 722 Subdivision 5 of the Penal Law of the State of New York by wrongfully, unlawfully, willfully, and knowingly did appear at the above stated time and place where a crap game was in progress and did become loud and boisterous thereby causing a breach of the peace. ’ ’ Appellant ’s name is among those on the “ attached ” list. It is contended on this appeal that the information is defective in that it fails to allege acts constituting the offense in question and by not alleging acts which were public in character and that, therefore, there was a lack of jurisdiction in the court below.
The Court of Appeals held in the recent case of People v. McGuire (5 NY 2d 523, 525-526) : “It is fundamental that *851 an information must state the crime with which the defendant is charged and the particular facts constituting that crime (People v. Zambounis, 251 N. Y. 94 ; People v. Patrick, 175 Misc. 997). The degree of exactitude may well differ with the circumstances. For instance, when the information is used as a basis for obtaining a warrant for an arrest, mere hearsay unsupported by a sworn statement or an examination by the Justice is not enough (People v. Bertram, 302 N. Y. 526). On the other hand, when a valid arrest is made without a warrant, the information serves as a pleading for the trial and is sufficient in and of itself to establish prima facie each of the essential elements of the crime charged without the necessity of a further deposition to particularize the evidence relied on (People v. Belcher, 302 N. Y. 529) ; but this presupposes an information clearly setting out the elements of the crime charged for the very good reason that the defendant ‘" should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense ’ ’ ’ (People v. Schultz, 301 N. Y. 495, 497), which, in the broad sense, is to say that the crime charged should be stated with such accuracy that the defendant may know the offense which it is claimed he has committed (People v. Love, 306 N. Y. 18). Omission of a necessary statutory ingredient is quite another matter which is sharply illustrated by this very case.” The use of the words ‘ ‘ particular facts ’ ’ is significant.
While it has been held in different cases that the same exactness or precision of pleading is not required in an information charging “ petty offenses below misdemeanor grade ” (People v. Skolnick, 200 Misc. 389, affd. 303 N. Y. 630 ; People v. Kolb, 14 Misc 2d 976 ; People v. Patrick, 175 Misc. 997, 999), it is a fundamental principle of law that an information which merely states conclusions and not statements of fact is insufficient (People v. Doyle, 21 Misc 2d 38 ; People v. Kasloff, 54 N. Y. S. 2d 455 ; People v. Sas, 172 Misc. 845 ; People v. Byrne, 195 Misc. 783, 785-786 ; People v. Wojcinski, 5 Misc 2d 292 ; People v. Staples, 162 N. Y. S. 2d 131, 133).
Here, the pertinent portion of the information contains mere conclusions, two in number, viz.: ‘ * did become loud and boisterous ” and “ thereby causing a breach of the peace ”. It does not point out the acts that were loud and boisterous or the manner in which a breach of the peace was caused. No material facts constituting the offense are stated. Nothing factually is set forth to indicate that the objectionable conduct was “ to the annoyance or disturbance of any considerable number of per *852 sons”. What did defendant say? What did he do? Was there á considerable number of persons annoyed or disturbed and, if so, in what manner?
The Court of Appeals decision in People v. Schultz (301 N. Y. 495, involving a charge of disorderly conduct in violation of section 722 of the Penal Law and quoted in People v. McGuire, supra), is very significant. Therein it Avas held at page 497:
‘' Upon the law applicable to the problem here presented this court has had occasion to say: An information must set forth the acts constituting the crime with the same clarity as an indictment. * * ° The defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense. * * * the requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as Avell as a rule of Iuav.’ (People v. Zambounis, 251 N. Y. 94, 96, 97 ; and see People v. Grogan, 260 N. Y. 138, 142.)
“ Lacking, as does the information before us, a statement of reasonable exactitude as to when and where the acts Avere committed with Avhich the defendant is charged, and in the absence of a statement that such acts Avere committed in a place where it tended to a breach of the public peace, A\re regard the information as legally insufficient. (See People v. Monnier, 280 N. Y. 77, 78-79 ; People v. McCauliff, 267 N. Y. 581, 582 ; People v. Perry, 265 N. Y. 362, 364 ; People v. Chesnick, 302 N. Y. 58, decided herewith.) ”
Here too and to repeat, there is an absence of a statement that the acts of appellant (we are left to conjecture as to Avhat they were) were committed in a place where it tended to a breach of the peace or to the annoyance or disturbance of any considerable number of persons.
Turning to People v. Chesnick (302 N. Y. 58, 60-61) our State’s highest court said therein: “And so, to constitute ‘ disorderly conduct ’ there must be an actual or threatened ‘ breach of the peace which, in turn, means a ‘ disturbance of the tranquility of the People of the State ’ (People v. Perry, 265 N. Y. 352, 365). Here there was no troubling of the wonted calm of the Avhole community, or of any sizeable segment thereof.” In this case, there is no statement of fact in the information that there was a troubling of the wonted calm of the whole community or of any sizable segment thereof, or, in *853 the language of subdivision 5 of section 722, “ to the annoyance or disturbance of any considerable number of persons
The plea of guilty did not waive the defects in the information, which were jurisdictional in nature, as the Court of Appeals has held in People v. Scott (3 N Y 2d 148, 152):
“ We turn now to the question of whether defendant has waived his objection to the lack of an information by his plea of guilty. It is well settled that by such a plea he waives his objection to the form of the information, or where it is based on information and belief without disclosing the source thereof (e.g., People v. Brous, 296 N. Y. 1028 ; People ex rel. Brown v. Baker, 284 App. Div. 106, 107 ; People v. Costello, 182 App. Div. 341 ; People v. Chambers, 189 Misc. 502 ; People ex rel. Travis v. Daniels, 182 Misc. 856 ; People v. Sly, 180 Misc. 96 ; People v. Decker, 156 Misc. 156 ; Matter of Blum, 9 Misc. 571 ; see Code Crim. Pro., §§ 684, 764).
“ However, objections to the jurisdiction of the court are not waived, nor is the objection that the information does not state a crime (People v. Koffroth, 2 N Y 2d 807 ; People ex rel. Burkhardt v. Elsaesser, 244 App. Div. 891 ; People v. Tompkins, 202 Misc. 147, 150, supra ; People v. Kugelman, 188 Misc. 135 ; People v. Patrick, 175 Misc. 997 ; People v. Huyck, 171 Misc. 467 ; People v. Bush, 140 Misc. 59 ; People v. Williams, 135 Misc. 564 ; People v. Lindner, 133 Misc. 728 ; People v. Rosenkrantz, 123 Misc. 335 ; People v. Bell, 31 N. Y. Crim. Rep. 370).”
The People were given time to reply to appellant’s brief but no law contrary to the above reasoning has been received. Judgment reversed, information dismissed and fine remitted.