THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL CRAMER, Appellant.

*Crime — an information made upon information· and belief, the grounds of which are not stated, is insufficient — allegations justifying an inference that liquors were sold — proof that the accused had no license.*

An information, made wholly upon information and belief, the grounds or sources of which information and belief are not stated, is insufficient to confer jurisdiction upon the magistrate to issue a warrant.

In a prosecution for selling strong and spirituous liquors without a license, an affidavit which states that on a day named the affiant went into the "place" of the accused and there drank seven or eight glasses of wine or whiskey, which made him intoxicated, and that it was the only time in two years that he had been there to " get anything to drink," justifies the inference of a " sale " and gives the magistrate jurisdiction to issue a warrant for the arrest of the accused.

It is not necessary that the facts before a magistrate upon an application for a warrant should be sufficient to convict; it is enough that they point towards the commission of a crime and tend to a conviction.

An allegation that the accused had no license is sufficient, although made upon information and belief.

APPEAL by the defendant, Michael Cramer, from a judgment of the County Court of Schuyler county, rendered on the 17th day of March, 1896, affirming a judgment of a Court of Special Sessions convicting the defendant of a misdemeanor in selling strong and spirituous liquors without a license.

*John A. Milne,* for the appellant.

*Olin T. Nye, District Attorney,* for the respondent.

PARKER, P. J. :

·The question whether the information, upon which the warrant of arrest in this case was issued, was sufficient to give the magistrate jurisdiction to issue the same, was distinctly raised by the defendant ˉbefore proceeding to trial, and his motion to be discharged from arrest on that ground was denied. It is claimed that for such reason this judgment must be reversed.

The affidavit of Sackett is entirely upon information and belief; not a single fact is stated as a reason for his belief, nor anything

indicating from whence his information came. It amounts to no more than a statement to the magistrate that he had been told by some one that defendant had sold spirituous liquors without a license on December 14, 1895, in quantities less than five gallons. Manifestly, from such a statement, the magistrate acquired no authority to order the defendant's arrest.

In *Blodgett* v. *Race* (18 Hun, 132) it is said that "facts and circumstances, stated on information and belief only, without giving any sufficient grounds on which to base the belief, are insufficient to confer jurisdiction as to the person. The magistrate must have evidence of probable cause, both as to the commission of the offense and the guilt of the offender, before he can have jurisdiction to cause the arrest." A general assertion of a fact in an affidavit upon information and belief proves nothing. (*Mowry* v. *Sanborn*, 65 N. Y. 584. See, also, *People ex rel. Kingsley* v. *Pratt*, 22 Hun, 300, 302.)

But the affidavit of Leonard, made at the same time, must be read in connection with it. In that affidavit Leonard substantially states that he went into Cramer's "place" on December 14, 1895, and there drank seven or eight glasses of what he calls wine and whiskey mixed, and that such drink made him intoxicated. This clearly establishes the drinking of intoxicating liquors on Cramer's premises. True, he does not say that such liquors were *sold* to him, or to any other person, and it is the *sale* that is the essence of the crime; a gift of such liquors would not be criminal. But Leonard in the affidavit further says, that was the only time within two years that he had been in there to *get anything to drink*. This indicates not only that it was a place where one could go and get drinks, but that, on this occasion, he himself went there to get the drinks. Now, a place where one goes to get intoxicating liquors to drink is usually a place where they are kept for sale. It is not an unreasonable inference that, if one gets seven or eight such drinks at such a place, they were sold and not given to him. And the question is presented whether such facts were not "sufficient to call for the judicial determination of the justice" as to whether or not such drinks were *sold*. If sold (without a license), defendant had committed the crime charged, and, in my opinion, the *facts* sworn to by Leonard tended to establish a sale of the drinks. It is not necessary that the

facts before the magistrate be sufficient to convict. If they are facts which point towards the commission of the crime, and tend to a conviction, they are sufficient to give the magistrate jurisdiction. (*Swart* v. *Rickard*, 148 N. Y. 264, 268.)

The further criticism is made that it does not appear that Cramer's place, where the drinking occurred, was within the county of Schuyler. Sackett's affidavit, I think, sufficiently states that. It states that, being in the town of Hector, Cramer did sell, etc., as deponent is informed and believes. The information and belief refers to what Cramer did, not as to where he resided.

It is further objected that there was no evidence before the justice that defendant did not have a license. The charge that he did not have one is made on information and belief. Inasmuch as upon the trial no proof is required upon the part of the People that defendant did not have a license, it would seem that no better proof is required before the magistrate to give him jurisdiction to arrest. (*People* v. *Nyce*, 34 Hun, 298.) I conclude, therefore, that the information upon which the warrant issued was sufficient to give the justice jurisdiction, and, therefore, the motion to discharge from arrest was properly denied. No error is shown, and the judgment of the County Court should, therefore, be affirmed.

All concurred.

Judgment of the County Court affirmed.