The People of the State of New York, Respondent, *v.* William A. Menzel and Another, Appellants.

County Court, Broome County, September 21, 1933.

*Ray T. Hackett [Harry S. Travis* of counsel], for the appellants.

*Frank L. Wooster, District Attorney [Walter H. Parker* of counsel], for the respondent.

MacClary, J. The defendants were arrested on October 20, 1932, charged with a violation of section 1530 of the Penal Law. The warrant of arrest was based upon an information made by one Walter Martin, a deputy sheriff of Broome county, which information reads as follows:

" State of New York ⎱
   County of Broome ⎰ *ss.*
   City of Binghamton.

" Walter Martin being duly sworn, deposes and says on information and belief that at the City of Binghamton, County of Broome and State of New York, on or about the 25th day of October, 1930 and thence continuously to and including September 15th, 1932, William A. Menzel and Martina M. Menzel each aiding and abetting the other, did commit the crime of maintaining a public nuisance in violation of section 1530 of the Penal Law, in that they are persons who did unlawfully keep and maintain a certain common ill-governed building and structure located at No. 7 Exchange Street in said city and in said building did sell to various purchasers denatured alcohol with intent and knowledge on the part of the said William A. Menzel and Martina M. Menzel;

that the said alcohol was to be used by said purchasers for beverage purposes, the said William A. Menzel and Martina M. Menzel, knowing that the said alcohol was unfit for human consumption and was likely to produce serious bodily injury to the individual drinking said alcohol; that the said William A. Menzel and Martina M. Menzel did permit intoxicated persons to remain in said premises while they made purchases of said alcohol. That the said sales were made in violation of the Constitution of the United States of America. That all of said acts, offended the public decency and rendered insecure in their lives and in the use of their property a great number of persons, good citizens of our state, there being and residing and causing great annoyance injury and danger to the comfort, repose, health and safety of a great number of persons, good citizens of our state there being, residing, passing and repassing to the common nuisance of said citizens.

" That the sources of his information and the grounds for his belief are statements made by William Nugent, Harry Slocum and Ray O'Keefe.

" Wherefore he prays that a warrant may issue against the said William A. Menzel and Martina M. Menzel.

" WALTER MARTIN.

" Sworn to before me October 20th, 1932.

" WILLIAM S. RICHARDSON,
" *City Judge of Binghamton.*"

The defendants were arraigned before Hon. William S. Richardson, city judge of the city of Binghamton, on October 21, 1932, and at that time the attorney for the defendants moved to dismiss the information on the ground that it failed to allege facts sufficient to constitute the crime charged or any crime, and more particularly upon the ground that it was made upon information and belief and that said information was insufficient. The motion so made was denied by the court and a trial had before the court and a jury on the 19th day of December, 1932, the jury returning a verdict against the defendants, and each of them. It appears from the record that the court and jury had the following conversation:

" By the Court: Gentlemen of the jury, what is your verdict?

" By the Foreman: We find a verdict of guilty of selling wood alcohol.

" By the Court: As to which defendant or both of them?

" By the Foreman: Guilty as to both defendants of selling wood alcohol."

Several motions were made by the defendants' attorney at different stages of the trial and also after the rendition of the

verdict, all of which were denied by the court, and thereafter and on or about February 8, 1933, the court passed sentence and judgment upon the defendants as follows: That the defendant Martina M. Menzel pay a fine of fifty dollars and in default thereof be imprisoned in Broome county jail until such fine is paid, not to exceed ten days, and in regard to William A. Menzel that he pay a fine of fifty dollars and in default thereof that he be imprisoned in Broome county jail until such fine is paid, not to exceed ten days, and a further sentence that he be confined in Broome county jail for thirty days, commitment of which was withheld during good behavior upon specific conditions imposed relating thereto. Execution was stayed pending appeal and the determination thereof.

From such judgment and sentence the defendants have each appealed to the County Court of Broome county.

The defendant has presented to the court a voluminous brief of thirty-three pages and containing sixteen points in favor of a reversal of the judgment of the City Court, but inasmuch as it is believed the most important question to be determined is as to the sufficiency of the information to confer jurisdiction upon the said court, it is not deemed necessary to discuss or determine all of the questions raised by the appellants.

Section 145 of the Code of Criminal Procedure provides as follows: " Information defined. The information is the allegation made to a magistrate, that a person has been guilty of some designated crime."

Section 148 of the Code of Criminal Procedure reads as follows: " Examination of the prosecutor and his witnesses, upon the information. When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them."

Subdivision 2 of section 150 of the Code of Criminal Procedure provides that if the magistrate be satisfied from such depositions that the crime complained of has been committed and that there is reasonable ground to believe that the defendant has committed it and if the case is one that does not come within the provisions of subdivision 1 of this section the magistrate must issue a warrant of arrest.

The provisions above stated are jurisdictional and a magistrate must comply therewith in their entirety before he has power to issue a warrant. (*People ex rel. Perkins* v. *Moss*, 187 N. Y. 410, 419.)

A magistrate does not have the power of inquisition of a grand

jury; he can only act on a sworn information that a named person has been guilty of a designated crime. (*People ex rel. Travis* v. *Knott,* 204 App. Div. 379.)

In the case at bar it will be noted that the information, both as to the commission of a crime and the parties alleged to have committed it, is made on information and belief and it is definitely decided by the leading case in this State (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383) that an information resting wholly on information and belief is insufficient.

The information states that the source of the informer's information and the grounds for his belief are statements made by William Nugent, Harry Slocum and Ray O'Keefe, but no affidavits or depositions of the parties named appear with the record and it must be assumed that none were taken but it does not appear why affidavits or depositions of such persons were not obtained. It is apparent that all of these parties are residents of the city of Binghamton and within easy access of the informant or the court. Besides the record seems to indicate that each of said parties denied on the trial ever having made any statements to the informant such as would be the basis of any belief on his part that a crime had been committed and that the defendants had committed the same.

It seems from the reading of the criminal law, particularly the sections above referred to and the case of *People* v. *Moss* (*supra*), that there must be established by legal evidence that a crime has been committed, that it is one in respect to which the court has jurisdiction, and that there is reasonable ground to believe the defendants committed the crime, and unless these elements are established the warrant is a nullity and the defendants are entitled to their discharge.

A careful study of the text and the cited cases in a recent text book entitled "How to Defend a Criminal Case," by Housel and Walser, leads me to the irresistible conclusion that the information in this case was vitally defective and did not give the City Court sufficient legal evidence upon which to base the warrant of arrest, which was, therefore, a nullity, and by reason of the fact that the information is insufficient no jurisdiction was conferred upon the said court.

It is, therefore, decided that the judgment of conviction of the defendants must be reversed and the defendants discharged.

Prepare order accordingly.