THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RONALD KING TAYLOR, Appellant.

County Court, Nassau County, May 26, 1936.

*Irving Cahn,* for the appellant.

*Philip Huntington, Assistant District Attorney,* for the respondent.

JOHNSON, J. The defendant has appealed from a judgment of conviction rendered against him in the City Court of Long Beach. Upon the appeal he questions only the sufficiency of the information upon which he was put to trial, he having made timely objection thereto by motion to dismiss the same for insufficiency before proceeding to trial.

The information was made by a police officer and alleged in substance that the defendant violated section 1530 of the Penal Law by maintaining a place for trafficking in intoxicating liquors in violation of State and Federal statutes and unlawfully sold beer and whisky. The information further states that it was made upon information and belief, the information having been obtained by the

police officer in his investigations and conversations " with persons who admitted to your deponent the purchase of the said beer and whiskey."

The information constitutes the only written charge upon which the defendant was put to trial. There was no deposition.

The Code of Criminal Procedure contemplates a written information upon which the magistrate before whom it is laid may examine witnesses. The information must allege that a person has been guilty of some designated crime (Code Crim. Proc. § 145), must state the offense and the act or acts constituting the offense, and must set such acts out with the same clarity as an indictment. (*People* v. *Grogan*, 260 N. Y. 138, at p. 142.) Upon the information the magistrate must examine on oath the informant and any witnesses he may produce and take their written depositions which must set forth facts stated by the informant and his witnesses tending to establish the commission of the crime and the guilt of the defendant. (Code Crim. Proc. §§ 148, 149.)

It is only in case the magistrate is satisfied from such depositions that the crime has been committed and that there is reasonable ground to believe that the defendant committed it that he may issue the warrant of arrest. (Code Crim. Proc. § 150.)

The statute, therefore, contemplates an information and one or more depositions. The two, however, may be combined if the affidavit made before the magistrate is full enough to perform the functions both of an information and a deposition. To do that it must set forth facts sufficient to authorize a warrant without further evidence. However, even to justify the issuance of subpoenas to take depositions in support of an information the latter must set forth facts tending to show commission of a crime by the defendant. It cannot rest wholly upon information and belief. They are not enough unless facts are stated showing the source of the information and the grounds of the belief. The statute does not permit simple hearsay to become the sole basis of such a proceeding. (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383.) There the court held an information made solely upon information and belief insufficient even to confer jurisdiction upon the magistrate to proceed to take depositions in support of it. It seems clear that if an information is insufficient for that purpose it is all the more insufficient to sustain the issuance of a warrant for the defendant's arrest or upon which to put him to trial; and it is a matter of indifference whether the question be raised in habeas corpus or on appeal if in the latter case the defendant has preserved his rights by timely objection.

In *People* v. *Cramer* (22 App. Div. 189 [3d Dept.]) the information was entirely upon information and belief stating no facts as a reason for such belief or indicating the source of the information. As the court there said, " it amounts to no more than a statement to the magistrate that he had been told by someone that defendant had sold spirituous liquors without a license on December 14, 1895, in quantities less than five gallons. Manifestly, from such a statement, the magistrate acquired no authority to order the defendant's arrest " (p. 190).

The information in the instant case is almost analogous. The informant says upon information and belief that the defendant maintained a place for the illegal sale of liquors and that he had been told by unnamed persons that the defendant sold liquors at that place.

In *People* v. *Menzel* (148 Misc. 916), which was an appeal to the County Court of Broome county from a conviction for violation of section 1530 of the Penal Law, the information, as in the instant case, charged that the defendant maintained a public nuisance in violation of section 1530 of the Penal Law, in that he kept a place where he sold alcohol in violation of law and that the sources of deponent's information and the grounds for his belief were statements made by three named persons. The depositions of such persons were not taken. The information was held insufficient to justify a warrant of arrest and the judgment of conviction was reversed.

Thus although the information in that case may have been sufficient to justify the taking of depositions it was clearly insufficient to warrant arresting the defendant and putting him to trial without such depositions.

These principles have been applied by the Appellate Division in the Second Department.

In the case of *McKelvey* v. *Marsh* (63 App. Div. 396) that court said that it had repeatedly been held that some fact or circumstance tending to establish the defendant's guilt must appear and that an allegation based on information and belief was insufficient.

There the information was laid upon information and belief, the informant stating that the source of his information was a sworn statement from a named person. Such sworn statement was not made a part of the information and the statement in the information as to the contents of such sworn statement showed that the facts therein sworn would not of themselves be sufficient to show commission of the crime charged.

In the instant case the statement by the informant that he was told by unnamed persons that they had purchased liquor at defend-

ant's place would be insufficient to establish defendant's guilt of maintaining a public nuisance in violation of section 1530 of the Penal Law. (*People* v. *Vandewater*, 250 N. Y. 83.)

The *Livingston* and *Mc Kelvey Cases* (*supra*) were approved and followed by the Appellate Division, Second Department, in *People ex rel. Brown* v. *Tighe* (146 App. Div. 491).

It seems to follow clearly from the statutes and the authorities that the information in the instant case was insufficient and that the defendant's motion to dismiss the same should have been granted. Judgment of conviction is, therefore, reversed and the information dismissed and fine remitted.