JACK DARLOW, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31653.)

Court of Claims, January 7, 1955.

*H. Jay Messeloff* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Howard F. Danihy* of counsel), for defendant.

MAJOR, J. This claim was filed by claimant against the State of New York to recover the sum of $25,000 damages alleged to have been sustained by reason of his false arrest and detention by officers of the Division of State Police of the State of New York. The claimant substantially alleges that on November 12, 1952, the State Police " without any warrant or authority of law, wrongfully, maliciously and unlawfully arrested claimant, and compelled claimant, wrongfully and unlawfully, to go from his home to the Police Station of said Division of State Police in New York City ", where he was detained and held in custody of the State Police, and, thereafter, the claimant was discharged.

Counsel for the claimant and counsel for the State of New York agreed that this claim be submitted to the court upon a stipulation and statement of facts which were read into the record.

From the facts stipulated, it appears that on November 11, 1952, at approximately 8:30 P. M., a teletype message was received at the New York State Police barracks in New York City, which message read as follows: "Jacob Darlow, alias Jacob Dolowich, 43 — 5–8 — 172 — black hair — brown eyes — scar back left ear — wanted on bench warrant for grand larceny — subject is alleged to be at or known to family named Bernard — 68 Eckerson Road, Spring Valley, N. Y. Advise if located or any information as to whereabouts can be obtained."

On November 12, 1952, at 7:15 A. M., two officers of the Division of State Police of the State of New York, — one in uniform and one not, called at the home of Sol Darlow, brother of the claimant, and requested to see one " Jacob Darlow ". One of the officers informed claimant's brother that Jacob Darlow, alias Jacob Dolowich, was wanted on a bench warrant by the New York City Police Department on a grand larceny charge. No warrant for the arrest of the person wanted was in the officers' possession.

At the time of the arrival of the police officers, the claimant was upstairs, and when he came down, he asked the officers what it was all about. The claimant's wife likewise inquired what the grand larceny charge was about. The officers asked claimant if he was " Jacob Darlow ", and he admitted that he was. They asked him if he was ever known as " Jacob Dolowich " and claimant admitted having been so known. The officers then advised the claimant that he was wanted on a bench warrant for grand larceny by the New York City police, and asked him to accompany them in the police car to the New York State Police barracks in New York City. The claimant complied with this request and was driven by the State Police to the barracks. Claimant's wife and brother followed in another car. The car of the State Police was a plain black unmarked sedan.

On arrival at the barracks, the claimant's appearance was recorded as age 43 — height 5 foot 7 inches — weight 170 — brown hair and brown eyes. Claimant was not fingerprinted, photographed nor placed in a cell. He was not handcuffed when taken from his home to the barracks.

After the State Police communicated with the New York City Police Department and informed it that Jacob Darlow alias Jacob Dolowich, was in their custody, a New York City police detective asked the State Police to look behind the left ear of claimant and see if he had a scar there. The State Police replied that it was difficult to see whether or not there was a scar due to the hair. Whereupon, the detective advised the State Police to release claimant from custody because he did not want him. The claimant was released at 9:30 on that morning.

It was further stipulated that as a matter of public record in the clerk's office of Bronx County, the claimant in 1946, by court order changed his name. An examination of claimant failed to reveal a scar behind the left ear.

From all the facts presented, it appears that the claimant's description was substantially the same as contained in the teletype message received by the State Police, with the exception that the claimant's hair was brown instead of black, and that he did not have a scar in back of his left ear. It appears that he fully and voluntarily co-operated with the State Police, and there is nothing in the stipulation to indicate that he made any protest.

Under the circumstances, the State Police were justified in, and had adequate probable cause for, believing that the claimant was the defendant named in the warrant in the possession of

the New York City police. They had a right to request the claimant to accompany them to the State Police barracks for further identification. The teletype message informing the State Police that Jacob Darlow, alias Jacob Dolowich, was wanted on a bench warrant for grand larceny furnished sufficient justification and probable cause for the action of the State Police. (*Burns* v. *Erben,* 40 N. Y. 463; *Agar* v. *Kelsey,* 253 App. Div. 726.)

No damages were stipulated and the claimant offered no proof whatsoever to show the extent, if any, of damage sustained. In his brief, the claimant urges an award of punitive damages. Punitive damages, as the name implies, act not by way of compensation, but by way of punishment of the wrongdoer. Such damages may be awarded, in a proper case, where the wrongdoer has acted maliciously, wantonly or with a recklessness that betokens improper motive or vindictiveness. (*Sanders* v. *Rolnick,* 188 Misc. 627, affd. 272 App. Div. 803.)

The facts submitted do not entitle the claimant to an award of damages.

The claim herein must be dismissed.

The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.