Francis J. Clohessy, J.
Defendant was convicted after a trial without a jury on September 15,1956, in the Police Justice Court of the Village of Owego of the charge of operating a taxi without a license in violation of section 2 of the ordinance to regulate and license taxicabs and taxicab drivers of the Village of Owego.
The court imposed a fine of $25 which was paid. From such judgment of conviction the defendant has taken this appeal in which he alleges several errors.
Basic and in the front line is his contention that the information is insufficient. Defendant at the opening of the trial made timely and full objection on such point, thereby preserving his right to attack the information on this appeal (People v. Taylor, 159 Misc. 536).
The rule is fundamental that the information is the foundation of the magistrate’s jurisdiction (Shappee v. Curtis, 142 App. Div. 155). The information and the deposition are the basis of the magistrate’s authority to issue the warrant (People ex rel. Livingston v. Wyatt, 186 N. Y. 383). In other words, in the absence of a sufficient information the magistrate does not gain jurisdiction.
An information based, not on positive knowledge, but upon information and belief without stating adequate sources thereof or plausible facts therefor, does not confer jurisdiction to try a defendant (People v. Cramer, 22 App. Div. 189; People v. Menzel, 148 Misc. 916). Hearsay is insufficient to sustain an *486 information (People v. Taylor, supra; People ex rel. Livingston v. Wyatt, supra). The rules concerning the sufficiency of an information in a criminal case also apply to a charge involving the violation of a village ordinance (City of Buffalo v. Murphy, 228 App. Div. 279).
With all of the foregoing rules of law in mind an examination of the information is now in order. Such paper setting forth a signature purporting to be that of Asa J. Kellam closes with this statement: “ That the source of your complainant’s information and the grounds for your complainant’s belief is the attached deposition of Fred DeWitt, and the records in the office of the Tioga County Clerk.”
In such wording appears the fact that this information is based upon the deposition of Fred DeWitt. His deposition reads as follows: “ that Edward J. Orzechowski did on the 10th day of September, 1956 at about 9:30 a.m. in the Village street in front of premises located at No. 4 West Avenue in said Village of Owego did keep for hire or pay or operate a taxicab. That said taxicab was operated by City Taxi. That City Taxi is the name used by defendant as owner and operator of a taxicab business in said Village of Owego. That your deponent saw said taxicab stop in front of One Fred Douglas at said No. 4 West Avenue and saw said Fred Douglas board said taxicab and be driven away.”
Noticeable is the fact that the deposition and information are based solely upon one act of the defendant as claimed to have been observed by the officer at a point in front of the premises located at No. 4 West Avenue in the village of Owego.
The allegations ‘ ‘ that Edward J. Orzechowski did on the 10th day of September, 1956, at about 9:30 a.m. in the Village street in front of premises located at No. 4 West Avenue in said Village of Owego did keep for hire or pay or operate a taxicab. That said taxicab was operated by City Taxi. That City Taxi is the name used by defendant as owner and operator of a taxicab business in said Village of Owego ”, although stated positively are from their very nature either hearsay, conclusions or facts peculiarly within the officer’s knowledge and the last of which would in any event require explanation in the deposition to overcome being classified as naked information and belief. A specific example is found in the wording “ City Taxi.” How could the officer and deponent know of his own knowledge who or what constitutes that title or name? He does not allege his source as to such knowledge or belief.
There appears nothing in the deposition to show those elements which would reasonably constitute operation of a taxi *487 and taxi service such as payment or agreement to pay fare; evidence of hiring; and signs, advertisements, announcements, directories, certificates of doing business under an assumed name, or statements by the owner or operator.
The last sentence of the above-quoted part of the deposition seems to center the case entirely on the observation of the officer to the effect that he saw defendant stop the motor vehicle then being operated by him at No. 4 West Avenue and thereupon one Fred Douglas entered the car.
Such act on the part of the accused person is consistent with innocence. The practice of stopping vehicles and picking up persons is very frequent among motorists who are not engaged in a taxi service.
Likewise there is nothing alleged to show the status of Fred Douglas, whether a friend, passenger, customer or otherwise. The mere stopping and picking up are not sufficient, without other facts, to state a charge based on taxi service.
In summary, the case appears to be one in which the information is based upon hearsay in the form of a deposition and in turn the deposition is based upon a surmise of what the situation might have been. In matters involving the charge of a violation one cannot guess or surmise at what might or must have been (People v. Sachs, 276 N. Y. 321). “What actually was ” as established by the facts alleged is the controlling-factor.
In view of the foregoing facts the information was clearly insufficient to sustain the charge. For such reason the case must fall.
Judgment of conviction of the Police Justice Court of the Village of Owego is reversed, the information dismissed and the fine remitted.
Reversal is for errors of law only, with facts not examined.
The foregoing is sufficient for the purpose of this appeal, thereby making unnecessary a ruling upon the other contentions of defendant.