Edmund A. McCarthy, J.
This is an appeal from an alleged conviction on an alleged plea of guilty to a charge of violating subdivision 1 of section 56 of the Vehicle and Traffic Law of the State of New York.
*625 The affidavit of Mary Stoky dated October 16, 1956, alleges she entered the plea of not guilty and she was advised that she was in fact guilty because two people had been killed, and she was thereupon fined $100.
The return of the acting Police Justice of the Village of Herkimer indicates that the defendant was advised of her right to counsel and that she indicated she did not wish to retain counsel, but that she would plead guilty and that her husband would pay the fine.
The newspaper stories concerning this occurrence in their recital of the alleged facts, create some doubt as to the papers on file in this case, but of course, newspaper stories are not evidence; neither are they verified, consequently, they could not be considered.
However, in the interest of justice to the People of the State of New York and to the defendant, we must turn to the necessary documents that brought Mary Stoky, the defendant, into the Police Justice Court in the village of Herkimer, and we find an alleged information charging Mary Stoky with violating subdivision 1 of section 56 of the Vehicle and Traffic Law at Main and State Streets in the village of Herkimer on September 28, 1956. This subdivision of the Vehicle and Traffic Law, reads as follows: “ No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property.” (Vehicle and Traffic Law, § 56, subd. 1.)
The information charges Mary Stoky with committing “ the crime of violation of Section 56, Paragraph One, Vehicle and Traffic Law of the State of New York against the person and property of......... by wrongfully, unlawfully, wilfully and knowingly violating the section and paragraph of Vehicle and Traffic Law of the State of New York above described, to-wit: ‘ ‘ Did operate a motor vehicle, a 1949 Plymouth, two-door Sedan, New York Registration Number X-3343 in an easterly direction on State Street, in said village across the intersection of Main Street in such a manner as to strike the persons of Edward Walrath and Lulu Walrath, against the peace of the People of the State of New York. This information is based upon information and belief. The grounds of my information and belief are the personal investigations of the accident made by me, interrogations of the Defendant and witnesses and the depositions made before Justice Graves and attached hereto, and made a part hereof.
*626 ‘ ‘ Wherefore, your Petitioner prays that the depositions of this informant and Edmund J. Bice, may be reduced to writing, duly subscribed, and that a warrant issued for the arrest of the accused.”
The information is patently insufficient, in that it contains no facts to sustain the alleged violation of subdivision 1 of section 56 above. There is no allegation as to any speed, and it simply states a conclusion. There is no deposition of Edmund J. Bice attached to the information or filed as a part of this return; and an information based upon information and belief without such accompanying deposition or depositions is wholly insufficient in law to sustain any such information.
“ The information must set out the acts constituting the crime * * * It must state the offense and the act constituting the offense. The information is not only obliged to state the crime charged against him, but is obliged to state the facts and the act constituting the crime.” (People v. Grogan, 260 N. Y. 138.)
The depositions, if any, must set forth the facts tending to establish the commission of the crime and the guilt of the defendant. (Code Crim. Pro., § 149; People v. Menzel, 148 Misc. 916.)
Our own Justice Hudson of the Supreme Court, while County Judge of Jefferson County Court, in 1952, in People v. Messatesta (203 Mise. 253) determined that an information which recited no facts revealed by the informant’s investigation as deputy sheriff, but merely that it was based upon such investigations, upon statements of third parties, and upon admission of the accused that he was driving 70 miles an hour, was insufficient to justify the issuance of a warrant.
The preparation of an information in a criminal matter is an important undertaking because by such an information a criminal proceeding is initiated requiring a defendant who may be a citizen of the United States to stand before a bar of justice to answer an accusation for a traffic infraction, a misdemeanor, or a felony. Personal liberty of an American citizen is an inalienable right, and when it is violated by some foreign power, there is a great popular demand for punishment. Our fellow citizens should likewise exercise the greatest of care in initiating criminal proceedings to the end that the personal liberties of persons in America will not be violated.
Many automobile accidents happen today without the necessary elements of a crime being involved.
It is not the intention of this court to pass upon the facts of this situation as embodied in this case. The lives of two people *627 were taken in this accident. The defendant may he at fault or she may be free from blame. That should be decided upon the facts after a full and complete hearing.
Our Court of Appeals has said, “ Suspicion is not enough, information and belief are not enough, unless facts are stated showing the source of the information and grounds of belief. * * * The statute does not permit simple hearsay to become the sole basis of such a proceeding. The highest care of the law is personal liberty.” (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 392.)
“ The personal investigations of the accident made by me ” as set out in the information, does not state one single fact, nor does it state any facts that may have been disclosed by such investigation, and is wholly insufficient to make a valid information.
The “ interrogations of the Defendant and witnesses ” does not state a single fact in favor of the People of the State of New York or the defendant. It simply indicates that some questions may have been asked the defendant or any number of unnamed witnesses; whether the answers were made and received or what facts were learned is not disclosed, and the total absence of any depositions attached to the information, makes it insufficient.
The insufficiency of the record in this case compels this court to follow the law of the constituted authorities of the State of New York in reaching this determination.
Under the circumstances, it is necessary that this information be dismissed as insufficient; that the alleged conviction of Mary Stoky be reversed, and that the fine alleged to have been paid by her husband for her benefit be remitted and repaid.
Enter order accordingly.