William F. Christiana, J.
Defendant appeals from a judgment of conviction rendered in the Court of Special Sessions of the Town of Greenport entered on a plea of guilty to the crime of leaving the scene of an accident, a misdemeanor. She appeared before the Justice of the Peace pursuant to a uniform traffic ticket and pleaded guilty without benefit of counsel. The return indicates she was fully advised of her rights.
The only point raised on this appeal is the sufficiency of the information which was filed by a member of the State Police. Following allegations charging the crime, the information contained this statement: ‘ This information is based upon information, investigation and belief and the verbal admissions of the defendant”. No supporting depositions or affidavits were supplied nor were the grounds of the officer’s information nor the sources of his belief stated.
In seeking reversal, counsel for appellant relies chiefly on the case of People v. James (4 N Y 2d 482, 484). There, defendant pleaded guilty in a Court of Special Sessions to a violation of the Alcoholic Beverage Control Law. The information was based upon information and belief without stating the sources of affiant’s knowledge nor the grounds of his belief. No supporting depositions were furnished. On appeal, the County Court reversed the conviction and ordered a new trial on the ground that defendant had pleaded guilty under conditions which “ do not indicate that the defendant acted freely, understandingly, competently and intelligently ’ ’. At the commencement of the second trial, and before the presentation of any evidence, defendant’s counsel raised the question of the sufficiency of the information for the first time by moving to dismiss for failure to state the grounds of affiant’s knowledge and the sources of his belief. The motion was denied and this ruling was approved *532 on appeal until the case reached the Court of Appeals. There, it was decided, by a divided court, that the information was insufficient as a matter of law and that its illegality was not waived by defendant’s first plea of guilty. The majority opinion stated (p. 484): “ This objection was not waived by defendant when she first pleaded guilty under conditions which the County Court said ‘ do not indicate that the defendant acted freely, understandingiy, competently and intelligently ’. After the County Court reversed that conviction and when defendant obtained counsel, she moved on this trial to dismiss the information promptly. Thus, cases stating that a guilty plea waives the defect in the information are not here apt ”.
In urging that the conviction be affirmed, the People point out a distinction between the James holding and the case at bar. In the James case, the objection to the information was raised in the court of original jurisdiction whereas here it is raised for the first time by defendant’s affidavit on appeal. No objection having been raised in the Court of Special Sessions, the People contend that those cases holding that a plea of guilty waives defects in an information are applicable. (See People v. Brous, 296 N. Y. 1028; People v. Belcher, 302 N. Y. 529; People v. Fosella, 304 N. Y. 667; and People v. Scott, 3 N Y 2d 148.)
Conversely, defendant contends that the ruling in the James case necessarily implies that the failure to state the sources of knowledge and grounds of belief in an information founded upon information and belief is a defect, jurisdictional in nature, in that the information is predicated on hearsay and incompetent evidence, all of which deprives the court of its power to proceed.
To further point up his argument, defendant’s counsel particularly stresses certain passages of the James opinion. Thus on pages 486 to 487 there is found this comment: “We might note that in other contexts a similar approach has been adopted towards affidavits based solely on information and belief without a statement of the sources thereof. In People ex rel. de Martini v. McLaughlin (243 N. Y. 417, 419-420), we said that such affidavits would be insufficient to overcome ‘ the danger of a removal (on extradition) that is merely ignorant or wanton.’ And in People ex rel. Livingston v. Wyatt (186 N. Y. 383, supra) at page 392, Judge Vait$t wrote: ‘ The statute does not permit simple hearsay to become the sole basis of such a proceeding. The highest care of the law is personal liberty, and construing the statute in the light of that principle, we think that the respondent was without jurisdiction to entertain the proceeding or to require the attendance of witnesses, because sufficient proof was not laid before him.’ (Emphasis supplied.) As long *533 ago as 1875, it was said in Mowry v. Sanborn (65 N. Y. 581, 584): ‘ “It may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing. * * * The commonest process in our courts designed to affect the property or person of a party which do not issue, of course cannot be properly obtained upon sworn statements made upon information and belief only. ” ’ ”
Certain it is that numerous cases prior to the James decision have held that an information resting solely upon information and belief without furnishing the sources of the information and the grounds of the belief, or where based solely on hearsay, conferred no jurisdiction. (People v. Kramer, 22 App. Div. 189; People v. Smith, 266 App. Div. 57; People v. Bertram, 302 N. Y. 526; People v. Belcher, 302 N. Y. 529, supra; People v. O’Neil, 303 N. Y. 747; People v. Lederle, 309 N. Y. 866; People v. Menzel, 148 Misc. 916; People v. Dobbertin, 19 N. Y. S. 2d 333.) More frequently than not, these authorities were concerned with cases where the information was used as a basis for the issuance of a warrant of arrest. Under the James ruling, it now seems immaterial whether the information is used merely as a pleading or the basis upon which a warrant may issue. This is made apparent by the language found at pages 485-486 of the James opinion: “If defendant is entitled to be protected against groundless criminal proceedings by assurance that the informant has reasonable grounds for his belief that defendant has committed a crime, and if it is believed that such protection is assured by requiring the information to contain 1 legal evidence ’ of the commission of a crime (see People v. Belcher, 302 N. Y. 529, 534-535, supra; People v. Sorg, 3 Misc 2d 437), such protection should be afforded whether the prosecution is instituted by a warrant of arrest, an illegal arrest to which defendant consents, or even a voluntary appearance on the part of defendant. ”
The court then continued and its verbiage is particularly emphasized by counsel for defendant: “In this sense, the information, whether used as the basis for issuance of a warrant or subpoenas, or only as a pleading, has a function in addition to informing defendant of the charge against him and barring subsequent prosecution for the same offense. It exposed this defendant to the necessity of procuring bail in default of which she would be imprisoned — as indeed almost happened in this case. It is also the formal charge against defendant — the paper which institutes the prosecution against her. It is in this context that reasonable guarantees against baseless prosecutions *534 not predicated on probable cause must be considered, and it is in that light that we believe the requirement that an information be based on competent legal evidence be observed, or that the information be supported by depositions, or that at least the sources of information and grounds of the belief be stated.
It would be manifestly unjust to charge persons with crime on pure unidentifiable hearsay.”
From these corridors of authority it is urged that the information under attack is founded on “unidentifiable hearsay”, is not “ predicated on probable cause ” and is not based “ on competent legal evidence ”. It may be that these challenges are not entirely without merit. However, I am persuaded that no such broad implications were intended to flow from the James decision. It must be realized that the language upon which appellant relies was employed by the court in adjudicating a case on appeal after trial during which due objection to the sufficiency of the information was taken in the court of original jurisdiction. It is to be especially noted that the Court of Appeals in the James case emphasized that the objection to the information, raised on the second trial, was not waived when defendant first pleaded guilty in Special Sessions. The Court of Appeals was thus concerned with errors properly raised by objections on the second trial and held that these were not waived by the plea of guilty under conditions which first caused ¡ a reversal by the County Court. I do not understand James as holding that a plea of guilty may now be disregarded in any event, and under all circumstances, thereby permitting a defendant to raise objections for the first time on appeal which were never reserved in the court of original jurisdiction.
In People v. Orzechowski (4 Misc 2d 484, 485) the court noted: ‘ ‘ Basic and in the front line is his contention that the information is insufficient. Defendant at the opening of the trial made timely and full objection on such point, thereby preserving his right to attack the information on this appeal (People v. Taylor, 159 Misc. 536).”
To the same effect is a statement in People v. Staples (5 Misc 2d 619, 620) as follows: “ The defendant at the opening of the trial made a motion for the dismissal of the information as being defective. The motion was denied by the court. He again renewed his motion at the conclusion of the People’s case, thereby preserving his right to attack the information on this appeal. (People v. Orzechowski, 4 Misc 2d 484.) ”
The law, as I understand it, was stated by Judge Froessel, writing for the majority of the Court of Appeals in People v. Scott (3 N Y 2d 148,152) where he said: “ We turn now to the *535 question of whether defendant has waived his objection to the lack of an information by his plea of guilty. It is well settled that by such a plea he waives his objection to the form of the information, or where it is based on information and belief without disclosing the source thereof (e.g., People v. Brous, 296 N. Y. 1028; People ex rel. Brown v. Baker, 284 App. Div. 106, 107; People v. Costello, 182 App. Div. 341; People v. Chambers, 189 Misc. 502; People ex rel. Travis v. Daniels, 182 Misc. 856; People v. Sly, 180 Misc. 96; People v. Decker, 156 Misc. 156; Matter of Blum, 9 Misc. 571; see Code Crim. Pro., §§ 684, 764).
“ However, objections to the jurisdiction of the court are not waived, nor is the objection that the information does not state a crime (People v. Koffroth, 2 N Y 2d 807; People ex rel. Burkhardt v. Elaesser, 244 App. Div. 891; People v. Tompkins, 202 Misc. 147,150, supra; People v. Kugelman, 188 Misc. 135; People v. Patrick, 175 Misc. 997; People v. Huyck, 171 Misc. 467; People v. Bush, 140 Misc. 59; People v. Williams, 135 Misc. 564; People v. Lindner, 133 Misc. 728; People v. Rosenkrantz, 123 Misc. 335; People v. Bell, 31 N. Y. Crim. Rep. 370).”
In Paperno and Goldstein, Criminal Procedure in New York, (§ 237, pp. 408 — 409) there is found this resume of what I still perceive to be the extant rule. “It is well settled that by * * * a [guilty] plea [defendant] * * * waives his objection to the form of the information, or where it is based on information and belief without disclosing the source thereof. * * * However, objections to the jurisdiction of the court are not waived, nor is the objection that the information does not state a crime. * * * In summary, a plea of guilty constitutes an admission of all well pleaded facts in the indictment or information, and waives all defects in the proceeding, or in the indictment or information, except jurisdictional ones.”
The information under attack adequately charged the crime by “well pleaded facts”. The failure to supply supporting depositions or allege the sources of affiant’s knowledge or grounds of his belief is construed to be a defect in form and thereby waived by defendant’s plea of guilty. The judgment of conviction is affirmed on the law.