Domenick L. Gabrielli, J.
This is an application for a writ of habeas corpus in which the petitioner asks that it be sustained upon several grounds, the main one of which is that the detention is illegal in that the information is defective and that the Magistrate had no jurisdiction to issue the warrant of arrest.
It is well to here point out that the sole and primary question in a habeas corpus proceeding is whether the detention is lawful. There is no room nor authority in this proceeding to determine whether the accused is guilty of any crime. Such a determination is only for the trial court after the basic constitutional requirements are met. These requirements were laid down by the founding fathers many decades ago, in order that there be orderly processes of the law and that anyone and everyone would be charged with the commission of a crime, of whatever degree, only after the legal and statutory requirements were met.
In general, it may be stated as well settled that the purpose of the writ of habeas corpus is to relieve directly and speedily against actual restraint upon a person’s liberty under process which is void by reason of lack of power or want of jurisdiction in the court or officer issuing it. (People ex rel. Livingston v. Wyatt, 186 N. Y. 383.)
So also, our State’s highest court in Matter of Morhous v. Supreme Court (293 N. Y. 131) has once again aptly described the nature of a writ of habeas corpus, when it decreed that, the writ of habeas corpus is a high prerogative writ, summary in its character, and is directed to a person detaining another, commanding him to produce the body of the person detained at a certain time and place, to explain the time and cause of the caption and detention, and to do, submit to, and receive whatever the court or judge awarding the writ shall determine. Such writ is the traditional process devised centuries ago to safeguard the right of persons deprived of liberty to challenge in the courts the legality of their detention.
Therefore, in eases involving alleged unlawful detention or commitment, the sole and main issue is whether or not the committing Magistrate acted with jurisdiction; and whether or not he had authority to issue a warrant.
Fred Eial, Jr., was arrested upon a charge of murder in the first degree upon a warrant issued by Justice of the Peace *452 Herbert Johnston. The information upon which the warrant was issued, was laid by 'Sheriff Theodore F. Katner.
The pertinent and critical part of the information under attack here recites the following:
“ Be it remembered that I, Theodore F. Katner, Sheriff of the County of Steuben * * * give information under oath as follows:
“ That, upon information and belief, one Fred Rial, Jr., on or about the 30th day of January, 1964, at the premises known and described as the Chappelle Farm * * * did commit the crime of Murder first degree * * *
“ That the sources of your deponent’s information and the grounds of his belief are based upon your deponent’s own personal investigation and further investigation conducted by police agencies, all of which investigation conducted by such police agencies was under the personal control and supervision of your deponent.” (Emphasis supplied.)
At the time of the return of the writ, the prisoner was produced by the respondent Sheriff and upon a showing that the prisoner was being held under a commitment, the proceeding was adjourned, pursuant to CPLR 7009, in order to permit a written notice to be served upon the District Attorney. At the time of the original return of the writ, the District Attorney waived further written notice, but requested an adjournment. The proceeding was thereafter set down for further hearing on July 8, at which time issues were raised and the hearing concluded.
The Code of Criminal Procedure contemplates a written information upon which the Magistrate before whom it is laid may examine witnesses, take depositions, and from which he must be satisfied not only that a crime was committed but in addition that there are reasonable grounds to believe the defendant committed it before he should issue a warrant of arrest.
Section 145 of the Code of Criminal Procedure provides as follows: “ The information is the allegation made to a magistrate, that a person has been guilty of some designated crime ”.
Section 148 of the Code of Criminal Procedure also provides as follows: “ When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them.”
*453 Section 149 thereof provides that: ‘ ‘ The depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant.” (Emphasis supplied.)
Section 150 of the code states in part, that: “If the magistrate be satisfied from such depositions that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it * * * he must issue a warrant of arrest.” (Emphasis supplied.)
The question involved in this proceeding is: Did the information contain sufficient facts to give the Justice of the Peace “ reasonable ground to believe that the defendant committed the crime ”?
It has been held in People v. Menzel (148 Misc. 916) that the provisions of sections 148 and 150 of the Code of Criminal Procedure, relating to the contents and filing of an information, are jurisdictional in their application; and that habeas corpus will lie to inquire into the question of jurisdiction of a court which has committed the defendant.
The law, from time immemorial, has been that before a Magistrate can assume any jurisdiction in issuing a warrant, there must be an information and/or depositions which set forth facts that supply the two requirements mentioned in sections 149 and 150 of the Code of Criminal Procedure, viz: (a) that a crime has been committed, and (b) that there are facts therein from which the Magistrate can be satisfied that “ there is reasonable ground to believe that the defendant has committed it.”
We shall first direct our attention to that portion of the information which states that the sources of the deponent’s information and the grounds of his belief are based (in addition to his own investigation) upon “further investigation conducted by police agencies ”. The basic question in this regard is simply this: May the information be based upon information and belief and then be buttressed by hearsay? It would seem that a reading of sections 148 and 149 of the Code of Criminal Procedure would permit but one answer. They provide for the taking of the depositions of witnesses as to the incriminating facts. This naturally assumes witnesses who have been sworn and are competent to testify to the facts. It precludes hearsay and the courts have repeatedly held that such an assertion is just that. (People ex rel. Perkins v. Moss, 187 N. Y. 410, 418; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 392, supra; People v. Cramer, 22 App. Div. 189; People v. Menzel, 148 Misc. 916, supra; People v. Gade, 6 N. Y. S. 2d 1018, 1021.)
*454 ' We now come to the only remaining portion of the information bearing upon the question of whether there was a showing to the Magistrate that ‘1 there is reasonable ground to believe that the defendant committed the crime.” The only other portion of the information relating thereto states that the sources of the deponent’s information and grounds for his belief “are based upon your deponent’s own personal investigation” and later is added the clause that he was in charge of the investigation. Does this meet the test of a valid information?
The ease of People v. Dobbertin (19 N. Y. S. 2d 333) was one in which the information was made upon ‘1 information and belief ” and then states that the officer’s information and belief was based upon his investigation. The court held that the term ‘ ‘ investigation ’ ’ constituted only conclusions of the affiant and concluded that, because no facts were set forth, the information was invalid. The decision in this case was successively followed and cited in People v. Byrne (195 Misc. 783), People v. Mezzatesta (203 Misc. 253) and People v. Carney (37 Misc 2d 531).
In a parallel case entitled People v. Mezzatesta (supra, pp. 254-255, 256, 258) the information, while not being stated to be based upon information and belief, was stated to be based “upon [his] investigations as deputy sheriff of Jefferson County”. The court, citing People v. Dobbertin (supra) held that there was “nothing in the information which indicates what the deputy’s investigations revealed ” and that the ground mentioned was not “ sufficient to justify the issuance of the warrant * * * [and] consequently, the Justice was without jurisdiction”. In this case, the prosecution urged, as in the case presently before us, that the Deputy Sheriff had knowledge from his observations and investigations, of facts which indicated the guilt of the defendant. In commenting upon this, the court ■stated (pp. 256-257), “ Deputy Sprague, however, failed to set out in the information what his observations were. The justice could tell nothing from such a statement. At best they were conclusions of the complainant and as such would not form a sufficient basis for issuance of a warrant. It is essential that the magistrate be satisfied that the facts set out by the complainant constitute the crime charged.” (Emphasis supplied.)
The Appellate Division, First Department, in People v. Glaser (2 A D 2d 352, 353) wherein the charge was dismissed, defined the requirements of an information and said that it ‘1 must state the crime with which a defendant is charged, and the particular acts constituting that crime ” and that such requirements are “ more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law ”. (People v. *455 Zambounis, 251 N. Y. 94; see, also, People v. Chatlos, 283 App. Div. 623; People v. Alexander, 306 N. Y. 656.)
In another case involving an information which was made upon information and belief, the court said in People v. Mosier (10 Misc 2d 815, 817) “ There is now little question that when an information is the basis of a warrant of arrest, it must contain factual evidence given on oath, or be supported by affidavits, on oath, containing such evidence, which tends to show that a crime has been committed and that the defendant is guilty of the crime ”. (Emphasis supplied.) (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391, supra; People v. Belcher, 302 N. Y. 529; People v. Bertram, 302 N. Y. 526; see, also, People v. James, 4 N Y 2d 482, 485; People v. Bresee, 37 Misc 2d 516.)
It is not the function of this court, nor does it possess any power or authority in this proceeding, to make any determination that the detained person appears to be guilty or not guilty. Such a determination is left for other tribunals.
The only question before the court is whether he has been improperly arrested and detained. The information before the court was insufficient and, perforce, the Magistrate was without jurisdiction to issue the warrant.
The information in this ease, made and filed by Sheriff Katner, contained no facts upon which the Magistrate could state that, as required by section 150 of the Code of Criminal Procedure, ‘ ‘ there is reasonable ground to believe that the defendant has committed it” (the crime); nor were there any depositions which, as required by section 149 of the Code of Criminal Procedure, set forth facts “ tending to establish * * * the guilt of the defendant ’ \
The writ of habeas corpus is a fundamental and substantial right; time-honored and tested since the beginning of our jurisprudence.
It provides a summary remedy to enforce the constitutional right of every person not to be deprived of his liberty by a judgment or order which is not jurisdictionally well founded. The judicial power of this State has always been and is thus exercised by means of this writ, to inquire into the validity of such a detention. This writ is generally recognized as a, hallmark of democratic government and jurisprudence, since the beliefs upon which its vitality depends are those which hold that the power of the State may not be exercised so as to negate certain basic rights of the people, secured to them individually by the Constitution and other laws.
During the hearings, various extrajudicial statements were discussed and which, although not emanating from the District *456 Attorney or apparently the Sheriff himself, have nothing to do with this proceeding and have been completely disregarded.
The decisional law of this State leaves no doubt as to the constitutional and statutory requirements of an information. These requirements are fundamental and if they have been violated (and they have in this instance) there must be a declaration that the proceedings which are the subject of this inquiry, are a nullity. The writ is sustained.