■ VINCENT J. BELLOWS, an Infant, by His Father, VINCENT C. BELLOWS, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 45126.) — STALEY, JR., J. Appeal from a judgment entered June 28, 1967, upon a decision of the Court of Claims granting a motion to dismiss the claims. The infant claimant and his father filed claims against the State for false arrest, false imprisonment, and malicious prosecution arising out of the arrest of the infant claimant by the State Police on January 24, 1965. On January 16, 1965, a garage in Livingston Manor, New York, was broken into and an automobile stolen. On January 23, 1965, the police arrested one Porter for the theft of the automobile. During the course of his interrogation by the police, he gave a statement implicating the infant claimant in the burglary, which statement was reduced to writing and sworn to before a notary public. Porter stated that he was with the infant claimant on the night of January 16 when the latter broke a window in the garage and climbed through the window, and was later seen driving an automobile. Porter was thereafter arraigned before Justice of the Peace FISK at which time, in the presence of two troopers and Porter, the statement was submitted to the Justice in support of an information, which was executed by one of the troopers investigating the crime and sworn to by the informant before the Justice. The information accused the infant claimant of committing the crime of burglary in the third degree, and stated that the informant's grounds for his belief were " the result of an investigation conducted and a signed and sworn statement by Eugene Fay Porter." A warrant charging burglary in the third degree was thereupon issued for the infant claimant's arrest. The warrant was thereafter placed in the warrant file at State Troopers' Barracks at Ferndale, New York, and a " File 5 " teletype message was sent to

all barracks, and particularly to the Buchanan Barracks by reason of the fact that the infant claimant was reportedly in the vicinity of that barracks. The teletype read in part " arrest the subject for burglary, third degree, warrant issued." At 3:45 o'clock on the afternoon of January 24, 1965, the infant claimant was arrested by a State Trooper at Camp Madison-Felicia, Putnam Valley, New York, where he was employed as a cook. He was transported by the trooper to Bear Mountain Bridge where the warrant of arrest was exhibited to the claimant, and he was taken by troopers from the Ferndale Barracks to that station for finger printing and photographs. Because of a cut on his finger, he was then treated at a hospital in Liberty, New York, and then taken to the residence of Justice FISK where he was arraigned at about 9:30 P. M. After the arraignment, he was released in the custody of his parents. On February 13, 1965, Porter executed a second sworn statement in which he asserted that his prior statement incriminating the infant claimant was false and thereafter on February 27, 1965, the charge against the infant claimant was dismissed. The first issue to be determined is whether the warrant for the infant claimant's arrest was properly issued. The Justice of the Peace issued the warrant after the informant appeared before him and executed the information under oath. Attached to the information was the sworn statement of Porter implicating the infant claimant, which statement contained facts that would support a charge of burglary in the third degree, and from the informant's knowledge of the infant claimant's reputation and from his investigation of the crime, he had reason to believe that the statement was true. Before issuing a warrant of arrest, the magistrate, when a written information is laid before him of the commission of a crime, must examine on oath the informant, and may examine witnesses and take depositions from which he must be satisfied not only that a crime was committed, but also that there were reasonable grounds to believe that the accused committed it. (Code Crim. Pro., §§ 148, 149, 150; *People ex rel. Rial* v. *Katner,* 43 Misc 2d 450.) In *Munoz* v. *City of New York* (18 N Y 2d 6), the court stated at page 10: " If the apparent facts are such ' that a discreet and prudent person would be led to the belief that a crime has been committed by the person charged, he will be justified, although it turns out that he was deceived and the party accused was innocent' (*Carl* v. *Ayers,* 53 N. Y. 14). ' One may act on what appears to be true, even if it turns out to be false' (VANN, J., in *Burt* v. *Smith, supra,* p. 6 [181 N. Y. 1].) " The information explicitly charged the infant claimant with the commission of a crime and further states the sources of information and the grounds of belief of the informant and, as such, is a good, valid and sufficient information to support the issuance of the warrant. The test of probable cause and justification have, therefore, been met. (*People* v. *Bertram,* 302 N. Y. 526; *People* v. *James,* 4 N Y 2d 482; *Green* v. *State of New York,* 25 A D 2d 468.) The appellants further contend that the arrest pursuant to a teletype message alone was not proper. The teletype message contained information that a felony had been committed, and that there was a reasonable cause for believing that the infant claimant was the person who had committed it, since the message stated that a warrant had been issued for his arrest. There was, therefore, sufficient justification and probable cause for the action of the State Trooper in arresting the infant claimant pursuant to the message. (Code Crim. Pro., § 177; *Darlow* v. *State of New York,* 207 Misc. 124.) The court below also properly dismissed the claim for malicious prosecution holding that the claimants had failed to meet the burden of proving a claim for malicious prosecution. The record does not substantiate any claim of intentional malice, and the State has proven that there was proper cause for the institution of the criminal proceeding and the arrest. (*Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Green* v. *State of*

*New York, supra.*) The other contentions of the appellants are neither so material nor relevant to require discussion. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.