OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
These are motions by the defendant for summary judgment[1] in actions to recover damages for an alleged false arrest of the claimant, Charles F. Dennis, by members of the New York State Police.
The facts that spawned the lawsuits are as follows: On October 16, 1981, an indictment was found charging a “Charles Dennis” with the crime of rape in the first degree (Penal Law, § 130.35) and endangering the welfare of a child (Penal Law, § 260.10). A superior court warrant was thereafter executed directing that certain law enforcement agencies, including the New York State Police, arrest “Charles Dennis” for the charges found in the indictment. The warrant later came into the possession of the Onondaga County Sheriff’s Department. On October 20, 1981, Investigator Ronald Klein of the Sheriff’s Department, placed a telephone call to Investigator Eugene Rifenburg of *541 the New York State Police. He informed him of the outstanding warrant and enlisted his support in executing it. An address for the accused and his description was provided at the time. On the basis of the telephonic communication, Investigator Rifenburg, together with Senior Investigator Gary J. Darstein, arrested the claimant, Charles F. Dennis. The claimant vigorously protested his arrest and advised the officers that he was not the person sought. Despite the protest, no further investigation was made and the claimant was delivered to the Onondaga County Sheriff’s Department, where he remained in custody for two days. Thereafter, he was brought before a County Judge and was arraigned. During the course of the arraignment, claimants’ counsel advised the court that his client was not the same “Charles Dennis” who had been indicted. The Assistant District Attorney then advised the court that this file confirmed that the claimant was the wrong person and indicated that he bore no resemblance to the “Charles Dennis” who was sought. Whereupon, the claimant was immediately released.
Although the description furnished by Investigator Klein was that of the claimant, Charles F. Dennis, it was not the description of the person named in the warrant. This can be inferred from the fact that the District Attorney was armed with the correct description and presumably this was imparted to the Grand Jury that returned the indictment. The error obviously occurred sometime after the warrant was issued. The moving papers suggest that the person responsible for the error was a Sheriff’s investigator, who had been assigned to the District Attorney’s office at the time.
Notwithstanding, the State contends that the arrest was justified. It suggests that it should not be cast in liability because the information furnished, here the description, later turned out to be false. It argues that it had a right to rely on the telephonic communication and that its contents were sufficient to establish that probable cause existed for the claimant’s arrest as a matter of law.
The claimants, on the other hand, treat the arrest as one made pursuant to a warrant. No question is raised that the warrant was valid on its face and was issued by a court *542 having jurisdiction over the crime and person. They suggest that the facts portrayed typify a misnomer case. Thus, any privilege that flowed from the warrant must be qualified and, as such, is dependent upon the arresting officer exercising reasonable care and due diligence in executing the warrant. Hence, they contend that the conduct of the arresting officer is at issue and whether he exercised due diligence presents a question of fact sufficient to defeat a motion for summary judgment.
The question presented is to what extent may a police officer rely solely on information communicated to him by another officer to justify an arrest. In criminal cases, the rule is clear. A police officer is entitled to rely, prima facie, on the communication of a fellow officer and assume its reliability where such communication is sufficient on its face to justify an arrest. Under such circumstances, the sender’s knowledge is imputed to the receiver and justifies the latter’s actions to the same extent that the sender’s would be justified. (People v Havelka, 45 NY2d 636; People v Lypka, 36 NY2d 210; People v Horowitz, 21 NY2d 55.) The presumption of probable cause, however, disappears once a challenge is mounted to the arresting officer’s conduct and the People must then demonstrate that the sender, himself, possessed the requisite probable cause to act. (People v Lypka, 36 NY2d 210, supra.)
We find no reason not to extend this general principle to civil cases. (Cf. Williams v City of Buffalo, 72 AD2d 952.) When such application is made, two qualifications are necessary. Unlike a criminal case, we are concerned only with the conduct of the arresting officers and not the court that authorized the intrusion. Thus, such officers will not be held liable for the execution of a warrant valid on its face, even though the court issuing the warrant may have erred. Moreover, the burden of proving that the detention was not privileged is on the claimant. (Broughton v State of New York, 37 NY2d 451.)
Turning to the present case, the State has established, prima facie, that the conduct of the arresting officers was justified. This presumption, however, may be rebutted. This is so, even though the Onondaga County Sheriff’s Department had in its possession a valid warrant of arrest. *543 For the privilege extended by such warrant was a qualified one that carried with it the obligation to exercise due diligence to identify the person to whom it applied. (Williams v City of Buffalo, 72 AD2d 952, supra; Craner v Corbett, 27 AD2d 796; Maracle v State of New York, 50 Misc 2d 348; Restatement, Torts 2d, § 125.)[2] Since the arresting officers chose to rely on information communicated by the Sheriff to establish the identity of the person named in the warrant, an examination must be made of the Sheriff’s knowledge and the circumstances under which it was gathered. In that the papers submitted are insufficient for the court to say, as a matter of law, that the Sheriff exercised due diligence under the circumstances, this presents a triable issue of fact.
Although it may seem harsh to subject police officers acting in good faith to potential liability, such a holding is well founded in policy. Any interests that the government has in the apprehension of criminals must be balanced against the right of a citizen to be free of unjustifiable government intrusion upon his liberty, which principle applies equally to both civil and criminal cases. Moreover, the harshness of the rule is ameliorated by the arresting officer’s right to seek indemnification from the actual wrongdoer.
Accordingly, it is ordered, that the State’s motions are denied.

. In its memorandum of law, submitted subsequent to the hearing on the motions, the State sought partial summary judgment with respect to that portion of the claims seeking punitive damages. This issue was not addressed in either the motion papers or on oral argument. Hence, the issue is not properly before the court and will not be addressed at this time.

. These cases are to be distinguished from those where the police error occurred prior to the issuance of the warrant and the person arrested was in fact the same person named in the warrant. (See Boose v City of Rochester, 71 AD2d 59; Bellows v State of New York, 30 AD2d 1019.)